[No. 15097.   Department One. — December 27, 1892.]

JOSEPH PIO, RESPONDENT, v. E. AIGELTINGER, APPELLANT.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT — CERTIFICATE OF CLERK. — A certificate of the clerk of the superior court, presented, under rule VI. of the supreme court, on a motion in the supreme court to dismiss the appeal for failure to file a transcript within the prescribed time, which gives the date of the entry of judgment, the amount and character of the judgment, and immediately thereafter states "that after the rendition of said judgment the said defendant filed a notice of appeal in said action," etc., is sufficient, where it appears that there was but one appeal taken, and it is entirely superfluous to state that the appeal was taken to the supreme court.

ID. — MOTION TO DISMISS — TIME OF FILING CERTIFICATE OF CLERK — AMENDMENT OF CERTIFICATE AFTER TRANSCRIPT FILED — WAIVER. — The right of a respondent to have the appeal dismissed does not depend upon the filing of a certificate of the clerk of the trial court before the transcript is filed or the motion to dismiss is heard, but upon the fact that no transcript was on file when the notice of the motion was given. The certificate is merely the evidence of facts which are required to be presented on the hearing of the motion, and the presentment, after the hearing of the motion and after the filing of the transcript, of an additional certificate amending the former one, is not an abandonment by the respondent of his right to have the motion determined on the original certificate. In such a case the court may consider the amended certificate, if it is material.

MOTION to set aside an order of the Supreme Court dismissing an appeal from a judgment of the Superior Court of Alameda County. The facts are stated in the opinion of the court.

*Bert Schlesinger*, for Appellant.

*G. S. Langan*, for Respondent.

PATERSON, J. — The defendant appealed from the judgment of the superior court on November 19, 1891. On June 17, 1892, he procured an order granting him fifteen days from the last-named date within which to serve and file his transcript. On July 8, 1892, the respondent served a notice of motion to dismiss the appeal, on the ground that no transcript had been filed, and that the time for filing the same had elapsed. The transcript was filed on July 13, 1892. At the hearing

of the motion, counsel for the appellant objected to the sufficiency of the certificate of the clerk presented by the respondent. No ruling was made on the objection, but counsel for respondent stated that he would file another certificate. The appellant objected to the filing of any additional certificate, claiming that the motion must be determined upon the certificate on file. On the following day, this court, regarding the certificate filed as sufficient, and the appellant without excuse for the delay, granted the motion to dismiss. Thereafter the appellant filed and served a notice of motion to set aside the order dismissing the appeal, on the grounds that the first certificate was insufficient, that before the order dismissing the appeal was made counsel for respondent waived his right to have the motion determined on the clerk's certificate then on file, and had no right to file the additional certificate after the hearing of the motion to dismiss.

Our rules provide that the transcript shall be filed and served within forty days after the appeal is perfected, and if not filed within that time, the appeal may be dismissed, on motion, upon notice given; that on motion to dismiss the appeal for failure to file the transcript within the prescribed time, there shall be presented the certificate of the clerk below stating certain enumerated things. The only fault found with the certificate first presented is, that it did not state what judgment or order of the superior court the appellant had appealed from, nor to what court he had appealed. The certificate gives the date of the entry of judgment, the amount and character of the judgment, and immediately thereafter states " that after the rendition of said judgment, the said defendant filed a notice of appeal in said action, etc." This is sufficient. There was but one appeal taken, and the appellant could not have been misled.

It would be entirely superfluous to state in a certificate that the appeal was taken to this court; there could be no appeal to any other court from a judgment or order

of the superior court. Furthermore, the right of the respondent to have the appeal dismissed does not depend upon the filing of a certificate before the transcript is filed or the motion is heard; and there is no reason why we should not consider the amended certificate, if it were material. Respondent's request to file an additional certificate was not an abandonment of his right to have his motion determined on the original certificate; it was merely an offer to produce additional evidence to overcome appellant's objections. The rule provides that if the transcript, though not filed within the time prescribed, be on file at the time the *notice* is given, that fact shall be sufficient answer to the motion. The certificate is merely the evidence of certain facts which the rule requires the respondent to present on the hearing of the motion.

The affidavits filed on behalf of the respective parties show that the appellant is without excuse for his failure to file the transcript within time. There was an attempt to compromise after the notice of appeal was filed, but the appellant was informed by counsel for the respondent, repeatedly and emphatically, that he would accept no less than a certain amount in satisfaction of the judgment.

Motion denied.

GAROUTTE, J., and HARRISON, J., concurred.