[Civ. No. 666. First Appellate District.—May 27, 1909.]

## A. STIAVETTI, Respondent, v. G. G. UNSWORTH, Appellant.

APPEAL—FAILURE TO FILE TRANSCRIPT—MOTION TO DISMISS—SERVICE OF COPY OF CLERK'S CERTIFICATE NOT REQUIRED.—Upon a motion to dismiss an appeal for failure to file the transcript within the time prescribed, it is not required to serve a copy of the clerk's certificate with the notice of the motion.

ID.—NATURE OF CLERK'S CERTIFICATE.—The clerk's certificate is merely evidence of facts to be presented on the hearing of the motion, and it is not necessary to file or present it before the hearing, or to serve it as a moving paper.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

F. W. Sawyer, for Appellant.

Devoto & Richardson, for Respondent.

KERRIGAN, J.—This is a motion to dismiss an appeal.

No transcript on appeal from the judgment was served or filed within the forty days prescribed by rule II of this court [78 Pac. vii], and consequently the appeal must be dismissed unless respondent, in making this motion, has himself failed to comply with the rules.

Appellant contends that according to rule VI [78 Pac. ix] of this court the certificate of the clerk of the trial court required to be presented on the motion is a moving paper, and that a copy of it should have been served upon the appellant with the notice of the motion. The point, however, has been decided contrary to appellant's contention in the case of *Pio v. Aigeltinger*, 97 Cal. 81, 83, [31 Pac. 895], and the rule is precisely the same now as it was when that case was decided, (64 Cal. 639 and 144 Cal. xliii, xliv, [78 Pac. ix]). The court there held that the certificate was merely evidence of facts, and that it was unnecessary to file or present it before the hearing.

Upon the authority of that case we hold that the objection to the hearing of the motion is untenable; and that as the transcript was not filed within the prescribed time the motion to dismiss should be granted, and it is so ordered.

Hall, J., and Cooper, P. J., concurred.