## ESREY v. SOUTHERN PACIFIC COMPANY.

### No. 15,440; December 29, 1893.

#### 35 Pac. 310.

Appeal—Time of Taking—Dismissal.—An appeal from an order denying a new trial, not taken within sixty days after the order is entered on the minutes of the court (Code Civ. Proc., sec. 939), will be dismissed.

APPEAL from Superior Court, Tulare County; W. W. Cross, Judge.

Action by Nannie Esrey against the Southern Pacific Company, in which defendant appealed from the judgment in favor of plaintiff, and from an order denying its motion for a new trial. Plaintiff moves to dismiss both appeals. Motion to dismiss appeal from such order granted. Motion to dismiss appeal from the judgment denied.

Foshay Walker for appellant; Justin Jacobs for respondent.

PER CURIAM.—Motion to dismiss the appeals. Judgment was rendered in this case in favor of the plaintiff February 8, 1892, and an order denying the defendant's motion for new trial was made and entered May 24, 1893. The defendant appealed from the judgment February 1, 1893, and from the order denying a new trial August 14, 1893. The plaintiff now moves to dismiss the appeal from the order denying a new trial, upon the ground that it was not taken within sixty days after the entry of the order.

The right of a litigant to have the action of the lower court reviewed by this court upon an appeal therefrom depends upon a compliance by him with the statutory requirements for taking an appeal. Section 939, Code of Civil Procedure, limits the time for taking an appeal from an order granting or refusing a new trial to sixty days after the order is made and entered in the minutes of the court, and, unless taken within that time, this court has no jurisdiction to hear the appeal. The appeal from the order denying a new trial, not

having been taken within sixty days after the entry of the order, must therefore be dismissed.

The plaintiff has also moved to dismiss the appeal from the judgment upon the ground that the transcript was not filed within the time limited by rule 2 of this court, or within the time limited by any order of the court or stipulation of the parties. The time for filing the transcript was extended by stipulation until forty days after the decision of the lower court upon the motion for a new trial, in order that, if the motion should be denied, a single transcript might serve for both appeals. If the motion should be granted, the defendant would have no occasion to appeal. We are of the opinion, however, that the facts and circumstances presented in the affidavit on behalf of the appellant in opposition to this motion are such as to excuse its failure to file the transcript prior to receiving the plaintiff's notice of motion to dismiss the appeal: See Carter v. Paige, 77 Cal. 64, 19 Pac. 2.

The motion to dismiss the appeal from the order denying a new trial is granted and the motion to dismiss the appeal from the judgment is denied.