## SANTA PAULA WATERWORKS v. PERALTA.*

### L. A. No. 18; October 21, 1895.

#### 42 Pac. 239.

**Appeal—Filing Brief—Excuse for Failure.**—Where appellant's failure to file a brief was due to a misunderstanding between two attorneys as to which was to act for him in the supreme court, and he, through his ignorance of English, was excusable for that misunderstanding, the appeal not being in the opinion of counsel without merit, respondent's motion to dismiss will be denied.

APPEAL from Superior Court, Ventura County; B. T. Williams, Judge.

Action by the Santa Paula Waterworks against Julia Peralta, in which judgment was rendered for plaintiff, and defendant appealed. For the failure of appellant to file a brief respondent entered a motion to dismiss the appeal. Denied.

Daly & Toland, R. F. Del Valle and Shepherd & Eastin for appellant; W. H. Wilde and Orestes Orr for respondent.

PER CURIAM.—Motion by respondent to dismiss the appeal for failure of appellant to file a brief. We think it sufficiently appears from the affidavits filed by appellant in resistance of the motion that the failure to file the brief arose from a misunderstanding between appellant and his counsel as to whom appellant desired to represent him in this court. Daly & Toland were the attorneys for appellant in the lower court. After the appeal was perfected, appellant, who is a Spaniard, and speaks and understands English very imperfectly, informed Mr. Toland, as the latter understood him, that he intended to get Mr. J. L. Murphy, of Los Angeles, to attend to the case in the supreme court. Subsequently appellant called on Mr. Murphy and told him that he wished to secure his assistance in the case on the appeal. He was informed by Mr. Murphy that he would assist in the case if agreeable to Daly & Toland, and suggested that appellant see the latter on the subject. Appellant, it seems, did not understand the suggestion as to the necessity of his seeing Daly & Toland, and went away in the belief that he had done

*For subsequent opinion, see 113 Cal. 38, 45 Pac. 168.

all that was required and necessary in the premises to secure the services of Mr. Murphy. The latter did not understand appellant that he was expected to take control of the case to the exclusion of Daly & Toland, but simply to assist them in the preparation of the brief and the presentation of the case in this court. Some correspondence subsequently occurred between Murphy and Toland upon the subject, which does not appear to have assisted to the better understanding of the appellant's desires in the premises, and, as a result, each attorney waited for the other to act, and no brief was filed. The affidavits made it clear that the appellant at all times and in good faith intended to prosecute his appeal, and supposed that everything necessary thereto was being done by his attorneys; and it also appears that, in the judgment of counsel, there is merit in the appeal. The whole misapprehension and misunderstanding of the attorneys would seem to have arisen from the imperfect ability of the appellant to make himself understood by reason of his lack of familiarity with the English language. Under the circumstances, we think a case of excusable neglect is disclosed which should entitle appellant to present his cause on the merits; and in this view the motion to dismiss should be denied. It is so ordered.