[S. F. No. 169.    Department One.—May 8, 1896.]

# B. HOLLER, RESPONDENT, v. SAMUEL R. EMERSON, APPELLANT.

GOVERNMENT SURVEY—LOCATION OF SECTION CORNER—UNSURVEYED SEC-TION LINE—RECTANGULAR PLAT—CONTROL OF DISTANCE.—Where the location of the boundary line between two lots situated in a section containing an excess of acres depends upon the location of the north-west corner of the section, which was never actually located by the government survey, the western boundary line of the section not having been completed by the surveyor, such corner will be deemed to be located as designated on the official plat at the intersection of the town-ship line which forms the northeast boundary of the section, with a western line extending due north to the township line from an estab-lished corner on the western boundary of the southwest quarter, so as to make the entire boundary of the section rectangular, and the location of the northwestern corner thus determined will control its location determined by distance given upon the map along the township line from the northeast corner of the section, where such location would make the western boundary of the section an irregular line, and cause the adjoining section to present an unsightly and irregular appearance.

ID.—ABSENCE OF MONUMENT—COURSE AND DISTANCE—DISTINCTION BE-TWEEN PRIVATE AND GOVERNMENT SURVEY.—In a private survey, a given course and distance will control in the absence of a monument, but in determining the boundary of a government survey, the principle applicable to the regular laying out of townships and sections by gov-ernment surveyors must control.

ID.—EFFECT OF FAILURE TO COMPLETE SURVEY—TITLE UNDER PATENT.—The title to a lot in a section granted by patent from the government, the location of which depends upon the location of an unsurveyed part of the western boundary of the section, is not affected by the incom-pleteness of the actual survey where the location of such line can be accurately determined.

APPEAL from a judgment of the Superior Court of Lake County and from an order denying a new trial. R. W. CRUMP, Judge.

The facts are stated in the opinion of the court.

*R. J. Hudson*, for Appellant.

Prior to a survey, there can be no title in a purchaser to any specified parcel of land. (*Grogan* v. *Knight*, 27 Cal. 522.) A survey is not complete until the lines and corners are run and established, as required by law. (U. S. Rev. Stats., secs. 2392-96; *Bullock* v. *Rouse*, 81 Cal. 590; *Robinson* v. *Forrest*, 29 Cal. 317; *Middleton* v. *Low*, 30 Cal. 605; *Reed* v. *Marsh*, 8 Ohio, 147.) The official map shows the northern boundary of the section to be eighty chains in length, which must control. (U. S. Rev. Stats., sec. 2396, subd. 2; *Cadeau* v. *Elliott*, 7 Wash. 205; *Chapman* v. *Polack*, 70 Cal. 487; *Vance* v. *Fore*, 24 Cal. 445, 446.)

*T. S. Sheridan*, and *M. S. Sayre*, for Respondent.

The government patent conveys title conclusively, as against collateral attack. (*Mott* v. *Smith*, 16 Cal. 533; *Cruz* v. *Martinez*, 53 Cal. 239.) The corners of half and quarter sections not marked on the surveys must be placed equidistant from the corners on the same line. (U. S. Rev. Stats., sec. 2396; *Higgins* v. *Ragsdale*, 83 Cal. 219; *Packscher* v. *Fuller*, 6 Wash. 534.) The government surveyor was required to run at right angles to the township line establishing the east and west section lines, by due north and south lines. (U. S. Rev. Stats., secs. 453, 2393, 2395, subd. 1, 3; Manual of Instruction to Surveyor Generals; *Billingsley* v. *Bates*, 30 Ala. 376; 68 Am. Dec. 126.)

GAROUTTE, J.—This is an action to recover possession of a small tract of land. Plaintiff and defendant are patentees from the United States government to lots 2 and 9, respectively, of section 5, of a certain township and range. The result of this litigation is dependent upon the proper location of the division line between these aforesaid lots. The section is found in the northern tier of sections of the township, and contains something

in excess of nine hundred acres. It is depicted upon the official map of the township as follows:

TOWNSHIP LINE.

80 chs.

It will be observed from the plat that the exterior lines of the section are marked out upon the ground by the government survey, save a portion of tne western boundary line. It further appears by the field-notes that such line was never run. The surveyor general, in platting the survey, projected a line due north from the northwest corner of the southwest quarter (an established corner) to the township line, as a dividing line between sections 5 and 6, and thereupon divided the excess of the section as appears from the plat.

The true line between lots 2 and 9 is dependent upon the location of the quarter section corner upon the township line, a corner which was not established by the government surveyor. Hence, it follows that the location of that corner is dependent upon the northwest corner of the section (an unestablished corner), for it must be conceded that the quarter section corner should be located at a point equidistant from the northeast and northwest corners of the section. The trial court held that the northwest corner of the section should be located by running a line north to the township line from the established corner at the northwest corner of the southwest quarter. This also was evidently the view

taken by the surveyor general when he platted the township from the field-notes, and we think it entirely sound. If the government surveyor had fully performed his duty, and run this line, he would have run it due north to the township line, and there at the point of intersection would have been the true corner; and there we should now hold it to be. Appellant contends, with reason, that the map shows the north line of the section to be eighty chains in length, and, there being no monument to indicate the northwest corner of the section, it should be established by running west upon the township line from the northeast corner of the section eighty chains, the course and distance thus controlling in the absence of monuments. If the boundary lines under consideration had been established by private survey, we would attach much weight to this contention, but such is not the case. We are now engaged in tracing a government survey for the purpose of locating the exterior lines of a section, and, in the interpretation of that survey, we are bound to take into consideration the rules and principles applicable to the laying out of townships by government surveyors. Invoking these principles, we know that the western boundary line of section 5, when it reaches the township line, terminates; and, there being no reason apparent why it should not do so, we are also bound to assume that the western boundary line runs due north to the township line. These conditions being true, the point where this line intersects the township line will be the corner of the section beyond any question. To establish the corner at a point eighty chains west of the northeast corner of the section would cause the western boundary line to assume a northeasterly course, and, also, cause section 6 adjoining upon the west to present a most unsightly and irregular appearance.

Again, let us assume that the government surveyor, in fact, did locate upon the ground the northwest corner of section 5, and that the monument there placed has been lost, defendant is certainly in no more favor-

able position in this litigation than if such were the case. Yet, upon that assumption of the fact, we are clear that the corner should be relocated exactly as it has been done here. And the eighty chains given upon the map as the length of the north line could not be used for the purpose of locating the lost corner, but such corner would be established by a line running due north to the township line.

There is no merit in defendant's contention that by reason of the surveyor's failure to run upon the ground a portion of the western boundary line of the section, that, therefore, the north half of the section has not been surveyed, and, consequently, no title vested in plaintiff to lot 2 by the patent issued from the government.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.