115  697
139  32

[L. A. No. 219.   Department Two.—January 29, 1897.]

## A. W. McFADDEN, Respondent, v. A. C. DIETZ, Appellant.

Appeal—Dismissal — Failure to File Points and Authorities.—An appeal will be dismissed for failure of the appellant to file his points and authorities within the time prescribed by the rules of the court, especially where considerable time thereafter has elapsed without any attempt on the part of the appellant to file the same.

Id.—Appeal for Delay—Damages.—Where it appears from an uncontradicted affidavit that the appeal was taken merely for delay, damages will be allowed upon dismissal of the appeal:

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of Ventura County. B. T. WILLIAMS, Judge.

The facts are stated in the opinion of the court.

*Shepherd & Eastin*, for Appellant.

*Thomas O. Toland*, for Respondent.

If appellant's points and authorities be not filed with the clerk of the supreme court together with proof of review within thirty days after the filing of the transcript, the appeal may be dismissed on motion upon notice given. (Rules of the Supreme Court, rule II, subd. 4, v; *Hickinbotham* v. *Monroe*, 28 Cal. 489; *Faris* v. *Lampson*, 73 Cal. 191; *Drexler* v. *Seal Rock Tobacco Co.*, 78 Cal. 624; *Mix* v. *Boothe*, 54 Cal. 589; *Van Slyke* v. *Miller*, 60 Cal. 411; *Shain* v. *People's Lumber Co.*, 98 Cal. 120.) Where an appeal is not taken in good faith, when there is no error in the record, when it is frivolous or without merit, and is taken for the purpose of hindering and delaying respondent in the collection of his judgment, respondent will be allowed damages. (Code Civ. Proc., sec. 975; *Buckley* v. *Stebbins*, 2 Cal. 149; *Pacheco* v. *Bemal*, 2 Cal. 150; *Russell* v. *Williams*, 2 Cal. 158; *Escolle* v. *Merle*, 9 Cal. 94; *Meerholz* v. *Sessions*, 9 Cal. 277; *Primm* v. *Gray*, 10 Cal. 522; *Pinkham* v. *Wemple*, 12 Cal. 449; *Magruder* v. *Melvin*, 12 Cal. 559; *Gannon* v. *Dougherty*, 41 Cal. 661; *Wilber* v. *Sanderson*, 43 Cal. 496; *Long* v. *Saufley*, 89 Cal. 439; *Duncan* v. *Grady*, 99 Cal. 553.)

MCFARLAND, J.—This case is now before us on a motion of the respondent to dismiss the appeal for failure of the appellant to file his points and authorities within the time specified by the rules of this court, and also upon a motion that respondent be allowed damages upon the dismissal of the appeal, upon the ground that the same was taken merely for delay, etc.

The motion to dismiss the appeal must clearly be granted, for the transcript was filed on the twenty-third day of April, 1896, and at the time the motion was submitted, which was several months afterward, no points and authorities had been filed by the appellant.

When the respondent served his notice to dismiss the appeal, and for damages, he made and served upon the appellant an affidavit which showed that appellant, according to his own statements and declarations, had taken the appeal for delay; and the statements of this affidavit have in no way been denied by the appellant. It has been held here that upon a motion to dismiss the appeal, and for damages, this court will not, in considering said motion, look into the record to see if the appeal be frivolous; and that damages would not be awarded upon that ground until the final disposition of the appeal; but it has also been held that where an uncontradicted affidavit shows that the appeal was taken for delay, damages will be allowed on the dismissal of the appeal. This was expressly held in *Duncan* v. *Grady*, 99 Cal. 552, and in *Koelling* v. *Rutz*, 108 Cal. 664. The same ruling seems to have been made in *Buckley* v. *Stebbins*, 2 Cal. 149, and in *Pacheco* v. *Bemal*, 2 Cal. 150. It is not necessary to determine here how far we would look into conflicting evidence as to the delay, if there had been such evidence; for, as in the cases above cited, the statement in the affidavit filed by the respondent is not controverted.

The case at bar, we think, clearly calls for the imposition of damages.

The appeal is dismissed with one hundred dollars damages as part of his costs of appeal.

TEMPLE, J., and HENSHAW, J., concurred.