[S. F. No. 777. Department One.—December 27, 1898.]

THOMAS I. BERGIN, Respondent, v. FLORENCE BLYTHE HINCKLEY et al., Appellants.

CONTRACT TO PAY MONEY—MATURITY OF CAUSE OF ACTION—DETERMINA-
TION OF HEIRSHIP—ABANDONED APPEAL—RIGHT OF DISMISSAL.—A
contract to pay money within one year after the determination
of the right and title of the promisor to the estate of the dece-
dent in proceedings then pending, to determine sole heirship of
the promisor thereto, under section 1664 of the Code of Civil
Procedure, became due within one year after the promisor's
title as sole heir was finally determined upon all appeals prose-
cuted from the judgment establishing it, and after the right of
the only other appellants therefrom was abandoned and lost,
though not formally dismissed until within one year prior to an

action on the contract. The right acquired to dismiss the abandoned appeal was, for the purpose of commencing such action, equivalent to a formal dismissal.

ID.—SUBSEQUENT PROCEEDINGS—MOTION TO SET ASIDE DECREE—DISTRI-
BUTION—APPEAL.—Subsequent proceedings not included within the terms of the contract, cannot affect the maturity of its obligation. The subsequent action of one set of the appellants, whose rights were determined against them and in favor of the one claiming to be sole heir, in moving to dismiss the proceeding as not having been properly entered, and in appealing from an order denying the motion, cannot affect the previous final determination of the rights of such appellant. Subsequent proceedings for distribution to the one determined to be the sole heir, and appeals taken from the order of distribution, are not within the terms of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

W. H. H. Hart, and Aylett R. Cotton, for Appellants.

T. I. Bergin, Respondent, in *pro. per.*

HARRISON, J.—The appellant, Florence Blythe Hinckley, then Florence Blythe, on the 19th of January, 1892, executed to the plaintiff two instruments in writing by which she promised to pay to him the moneys therein named within one year after the determination of her right and title to the estate of Thomas H. Blythe, deceased, in the legal proceedings then pending for the determination of the same in the superior court of the city and county of San Francisco.   This action was brought by the plaintiff upon these obligations April 16, 1896, the complaint alleging that there had been a final determination of said legal proceedings more than one year prior thereto, and that they had not been paid.   In their answer the defendants alleged that the determination of said legal proceedings did not become final until less than a year prior to the commencement of the action, and defended upon this ground.   The court found that the allegations in the complaint were true and rendered judgment in favor of the plaintiff.   The defendants moved for a new trial, and, their motion having been denied, they have appealed therefrom and also from the judgment.

The appeal is urged upon the ground that the evidence was insufficient to justify the decision of the court.

The legal proceeding referred to in the instruments was an action entitled *Blythe v. Ayres,* instituted under section 1664 of the Code of Civil Procedure, for the purpose of determining the heirship to Thomas H. Blythe. In that proceeding the superior court had rendered its judgment October 22, 1890, to the effect that the appellant, Florence, was the sole heir of Thomas, and the only person entitled to a distribution of his estate. Appeals had been taken from this judgment and were pending in the supreme court at the date of the instruments, and, with the exception of the appeal of Adam Blythe *et al.,* hereinafter referred to, were determined by an affirmance of the judgment appealed from, prior to June 18, 1894. On that day Florence filed a petition in the superior court for a distribution to her of all of the estate of Thomas H. Blythe, with the exception of certain moneys in the hands of the administrator, averring therein the rendition of the judgment, and that appeals had been taken therefrom, and that the said appeals had all been heard, and the judgment appealed from affirmed; and on October 26, 1894, a decree of distribution of the estate, in accordance with her petition, was made to her.

December 22, 1890, Adam Blythe et al. had appealed from the judgment in *Blythe v. Ayres* by filing and serving a notice of appeal, and filing an undertaking on appeal in the sum of three hundred dollars. No further steps were taken by them in the prosecution of their appeal, and a motion to dismiss their appeal was made in the supreme court June 3, 1895, and was granted on the following day. December 27, 1894, Henry T. Blythe *et al.,* defendants in the case of *Blythe v. Ayres,* moved the superior court to dismiss the proceedings upon the ground that more than six months had expired since the decision, and that the judgment had not been entered in the judgment-book. This motion was denied September 27, 1894, and an appeal therefrom was taken October 17th, and the order affirmed November 30, 1895. Certain appeals were also taken from the decree of distribution, and this decree was affirmed by the supreme court November 30, 1895.

It is upon these facts that the appellants herein claim that the superior court erred.

We are of the opinion, however, that the evidence before the court justified it in holding that the obligations named in the instruments sued on had matured more than a year prior to the commencement of the action.

The judgment of October 22, 1890, had been affirmed by the supreme court in each of the appeals therefrom which were prosecuted by the several appellants—the last affirmance being April 24, 1894—and as to these appellants there was thus a final determination of the validity of that judgment. The superior court was fully authorized to find that the appeal of Adam Blythe *et al.* had been abandoned, and that the appellants therein made no further question of the correctness and validity of the judgment, or of the rights of Florence as therein defined. Although they had perfected an appeal from the judgment, they failed to prosecute the appeal until they had lost the right to have their appeal considered. By their failure to file the transcript to be used on the appeal within the period prescribed by the rules of the supreme court the respondent acquired the right to have the appeal dismissed. (*Shain v. People's Lumber Co.,* 98 Cal. 120.) And, for the purposes of the present action, the right thus acquired was equivalent to a formal dismissal. By losing their right to prosecute the appeal, or to have it considered by the supreme court, the judgment appealed from became in effect a final judgment of the controversy, even though a formal order of dismissal had not been entered; and, although the respondent could have consented that the transcript might be filed after the time limited by the rules, it is not claimed that such consent was given, and it is very evident from the petition for distribution thereafter filed by her not only that no such consent was given, but that she deemed that all the appeals had been disposed of, and that the judgment had become final. The court was, therefore, justified in finding that the appeal of Adam Blythe *et al.* had been abandoned, and that her rights had been finally determined. When a party fails to take the steps toward prosecuting an appeal for more than four years which he is required to take within forty days, it is reasonable to infer that he has abandoned his appeal.

The affirmance of the judgment upon the appeal of Henry T. Blythe *et al.* on the 24th of April, 1894, was a final deter-

mination, so far as those appeals were concerned, of the lega¹ proceeding referred to in the instruments, and did not cease tc be final by reason of their subsequent motion to dismiss the proceeding. It was held upon the appeal from the order denying their motion that there was no foundation for making the motion (*In re Blythe*, 110 Cal. 226), and that it had been previously so determined.

The petition for distribution which was filed in June, 1894, was not included in the legal proceeding which was pending at the date of the instruments, and, consequently, the maturity of the obligation did not depend upon any delay in the final disposition of the petition.

The judgment and order are affirmed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.