[S. F. No. 3026.     Department Two.—June 6, 1902.]

## OLIF HEADSTROM et al., Respondents, v. THEODORE HELLIESON, Appellant.

APPEAL—DISMISSAL—PRIOR MOTION PENDING—LACHES—NEW GROUND.
—The fact that a prior motion is pending to dismiss appeals for
insufficiency of the undertakings filed thereon, upon which the
appellant has asked leave to file new undertakings, cannot excuse
the laches of the appellant in failing to file his points and authori-
ties as required by the rules of the court, and to apply for an exten-
sion of time therefor, and the respondent is entitled to have the
appeals dismissed upon another motion made upon the new ground
of such laches.

MOTION to dismiss appeals from a judgment of the
Superior Court of Santa Clara County and from orders deny-
ing a motion to set aside the judgment and refusing to set
aside a default.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, for Appellant.

W. T. Aggeler, for Respondents.

HENSHAW, J.—Respondents moved to dismiss the appeals
of defendant upon the ground of the insufficiency of the
undertakings filed to support them.   Appellant sought to meet
the motion by filing new undertakings approved by the chief
justice of this court.   While this motion to dismiss was under
advisement, respondents made another motion to dismiss, based
upon the provisions of subdivision 4 of rule 2 of this court,
for failure of appellant to file his points and authorities with-
in thirty days after the filing of the transcript.   It is admitted
that the points and authorities were not filed, but appellant
seeks to excuse himself because the first motion to dismiss
his appeals was still pending, and he did not know whether
it would be granted or not.   This, however, affords no excuse
for his laches, and respondents are entitled to insist upon the
right which the rule gives them.   As was said in *White* v.
*White*, 112 Cal. 577, where the motion was based upon the

failure of the appellant to file his transcript in time: "The fact that a previous motion to dismiss the appeal was pending did not of itself extend the time within which the appellant might file the transcript. Whether the pending of such motion would have been deemed by the court a sufficient ground for extending the time for filing the transcript need not be considered. The appellant made no application for such extension, and the respondent is entitled to enforce the rights conferred upon him by the rule. (*Shain* v. *People's Lumber Co.*, 98 Cal. 120.)"

In this case no application was made for an extension of time, and upon the authorities above cited the appeals must be dismissed.

It is so ordered.

McFarland, J., and Temple, J., concurred.