[Sac. No. 1009. In Bank.—April 3, 1903.]

ULTY McCABE, Respondent, v. JAMES HEALEY et al., Appellants.

APPEAL—DISMISSAL—FAILURE TO FILE POINTS IN TIME—RULES OF COURT.—An appeal will be dismissed for failure of the appellant to file his points and authorities within the time required by the rules

of this court. A motion therefor must be determined by the facts existing at the time the notice of motion was given; and the right of the respondent to have the appeal dismissed under the rules cannot be affected or destroyed by any subsequent filing and service of the appellant's points and authorities.

MOTION to dismiss an appeal from an order of the Superior Court of Lassen County denying a new trial. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

W. M. Boardman, M. Marsteller, Frank J. Sullivan, Albert M. Johnson, A. A. De Ligne, James T. Boyd, and William H. O'Brien, for Appellants.

Goodwin & Goodwin, and N. J. Barry, for Respondent.

ANGELLOTTI, J.—Respondent moves for an order dismissing the appeal from an order of the superior court of Lassen County, denying appellant's motion for a new trial in the above-entitled action, made and entered on June 22, 1901.

The notice specifies as the ground upon which the motion will be made the fact that "appellants have failed to serve and file their points and authorities in support of said appeal, although seven months have elapsed since the transcript was served and filed" in this court. The appeal in question was taken on August 19, 1901, and the transcript on appeal filed in this court on October 18, 1901. The notice of motion to dismiss was personally served on appellants' attorneys on May 21, 1902, and filed in this court on May 28, 1902, at which time appellants had not served their points and authorities upon respondent, or filed the same in this court. Such points and authorities, consisting of thirty pages, were subsequently, to wit, on May 29, 1902, served on respondent, and on May 31, 1902, filed in this court.

Rule II, subdivision 4, of this court provides that: "Thirty days after the filing of the transcript, . . . the appellant shall file with the clerk his printed points and authorities, and with it proof of the service." . . . And rule V provides that: "If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, on motion, upon notice given . . ." The rules

further provide that the time limited by the rules for filing points and authorities shall not be extended except by order of the court upon stipulation of the parties, or an affidavit showing good cause therefor, and in no case for more than twenty days. The only extension granted in' this case was one of twenty days, by the court, on November 19, 1901.

We have carefully examined the affidavits filed in opposition to respondent's motion, and find them entirely insufficient to justify this court in refusing to grant the motion.

That the right of the respondent to have the appeal dismissed must be determined by the facts as they existed at the time the notice of the motion was given, and is not destroyed by the subsequent filing of points and authorities on the part of appellant, is held in *Shain* v. *People's Lumber Co.*, 98 Cal. 120. It was further said in that case that "Rules of court are designed to facilitate the business of the court, as well as for the convenience of litigants, and the rule requiring the points and authorities on behalf of the respective parties to be filed within specified times after the filing of the transcript, confers rights which may be enforced by the litigants." (See, also, *McFadden* v. *Dietz*, 115 Cal. 697.)

The motion to dismiss the appeal must be granted, and it is ordered accordingly.

Shaw, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.