[No. 53.  Third Appellate District.—August 31, 1905.]

SANTA ROSA BANK, Respondent, v. JOHN M. STRIEN-
ING et al., Defendants; H. B. SCHINDLER, Appellant.

APPEAL—DISMISSAL—FAILURE TO FILE BRIEF—SUBSEQUENT FILING.—A
motion to dismiss an appeal for failure to file the appellant's brief
within the time limited therefor must be determined by the facts
existing when notice of the motion was given, and the right to a
dismissal cannot be affected by the subsequent filing and service
of the brief where no sufficient showing is given to excuse the
delay.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Sonoma County.  A. G. Burnett, Judge.

The facts are stated in the opinion of the court.

G. Gunzendorfer, and L. W. Juilliard, for Appellant.

James W. Oates, for Respondent.

CHIPMAN, P. J.—Motion to dismiss the appeal on the
ground that appellant failed to file his brief in time.  The
transcript was filed May 16, 1904.  Time in which to serve
and file brief was extended by counsel for respondent to and
including July 13, 1904.  On July 13, 1904, counsel for
appellant filed application in the supreme court asking
twenty days' further extension of time to file brief, which
was granted on that day.  On August 2, 1904, that court
granted twenty days' further time from and after that date,
and on August 25, 1904, that court granted fifteen days' fur-
ther time from that date, and in the order stated that "no
further extension of time will be granted."  Under these
orders the time in which to serve and file points and author-
ities expired on September 9, 1904.  The cause was trans-
ferred to this court on January 30, 1905, and was placed
upon the present August calendar.  On August 14, 1905, re-
spondent served notice of motion to dismiss on appellant's
attorneys, and filed said notice in this court on August 24,
1905, and on the latter day appellant filed in this court his
points and authorities.  Appellant had sent to the clerk's

office his points and authorities on August 18th, but not having previously served same on respondent's attorney, they were not filed until evidence of such service was furnished, which was on August 24, 1905.

Rule V of the supreme court (142 Cal. xliii, [64 Pac. viii]), which is made a rule of this court, provides that if the points and authorities of appellant be not filed within the time prescribed—which, by rule II (142 Cal. xli, [64 Pac. vii]), is thirty days after the transcript is filed—the appeal may be dismissed on motion, upon notice given. If, however, the points and authorities "be on file at the time such notice is given, that fact shall be sufficient answer to the motion." In *McCabe* v. *Healey,* 139 Cal. 30, [72 Pac. 359], it was decided that a motion to dismiss must be determined by the facts existing at the time the notice of motion was given; and the right of the respondent to have the appeal dismissed under the rules cannot be affected or destroyed by any subsequent filing and service of the appellant's points and authorities.

Conceding, without deciding, that the court has discretion to refuse to dismiss the appeal, notwithstanding the rule above stated, upon a sufficient showing, we do not think such showing has been made. The motion is granted and the appeal is dismissed.

Buckles, J., and McLaughlin, J., concurred.