[Civ. No. 2303.    Second Appellate District.—February 27, 1917.]

ITA PIERCE, Respondent, v. EMPLOYERS' INDEMNITY EXCHANGE, Appellant; MRS. GRACE NICHOLS COOLEY, Respondent.

APPEAL—MISTAKE AS TO COURT—JURISDICTION—CONSTITUTIONAL LAW. The saving clause of section 4 of article VI of the constitution, that no appeal taken either to the supreme court or district courts of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein as if regularly appealed thereto, does not give to the court to which the appeal has been wrongly taken any jurisdiction to make orders extending time, or any other orders, except the order of transfer.

ID.—DISMISSAL OF APPEAL—FAILURE TO FILE BRIEF IN TIME.—An appeal must be dismissed where the time for filing appellant's opening brief had expired when the notice of motion to dismiss the appeal was served and filed.

MOTION to dismiss appeals from the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Oliver O. Clark, George M. Pierson, and Claud B. Andrews, for Appellant.

Ingall W. Bull, and Fleming & Woodard, for Respondents.

THE COURT.—This was an action at law in which the amount of the demand was less than two thousand dollars, and the appeal should have been taken to this court.   Nevertheless the defendant, Employers' Indemnity Exchange, appealed to the supreme court, and filed its transcript with the clerk of that court on the nineteenth day of December, 1916.   By order of February 6, 1917, the supreme court transferred the case to this court, the transfer being made on jurisdictional grounds.   No brief having been filed on behalf of the appellant, the respondent Pierce, on February 8, 1917, served and filed notice of motion to dismiss, stating, among other grounds of motion, that appellant had not filed its brief or points and authorities within thirty days from the time of filing the transcript.   More than thirty days after the transcript was filed, and before the transfer of the case to this court, the chief justice of the supreme court signed an order extending appellant's time for filing points and authorities until the nineteenth day of February, 1917, and on the nineteenth day of February, 1917, the presiding justice of this court signed an order which was entered in the minutes, extending appellant's time for the same purpose for a further period of fifteen days.   Without doubt the order obtained from the chief justice of the supreme court was inadvertently made by him without having his attention called to the fact that the appeal had been taken to the wrong court.   Section 4 of article VI of the constitution, after defining the appellate jurisdiction of the supreme court and of the district courts of appeal, states that no appeal to either of those courts shall be dismissed for the reason only that the same was not taken to the proper court, "but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein as if regu-

larly appealed thereto.'' It has never been held that this saving clause of the constitution gives to the court to which the appeal has been wrongly taken any jurisdiction to make orders extending time, or any other orders, in such a case, except the order of transfer. It is true that the supreme court may transfer any case from a district court of appeal to the supreme court, but until it has made such order of transfer, it is without jurisdiction over cases in which the constitution provides that the appeals shall be taken to a district court of appeal. The appellant cannot by its own mistake confer jurisdiction contrary to the constitution. The order made by the presiding justice of this court extending the time of appellant for filing its opening brief was made without knowledge that respondent had served and filed a notice of motion to dismiss the appeals, and would not have been made if that fact had been called to his attention. That order, therefore, is revoked. As the time for filing appellant's opening brief had expired on the eighth day of February, when the notice of motion to dismiss was served and filed, respondent is entitled to a dismissal as called for by her motion. The rule to this effect has been settled by several decisions, among which are: *Barnhart* v. *Conley,* 17 Cal. App. 230, [119 Pac. 200] ; *McCabe* v. *Healey,* 139 Cal. 30, [72 Pac. 359] ; *Coats* v. *Coats,* 146 Cal. 443, [80 Pac. 694].

Respondent's motion to dismiss the appeals is granted.