[Civ. No. 2750.   Second Appellate District, Division One.—December 10, 1918.]

EARL CHARLTON WOOD et al., Respondents, v. JOSEPH MESMER, Appellant.

APPEAL—EXTENSION OF TIME FOR FILING BRIEFS—POWER OF COURT.— The appellate court has power to extend the time for filing briefs after the expiration of the time limited by the rules of court, provided a notice of motion to dismiss the appeal for such failure has not been filed.

ID.—RULES OF COURT—FILING BRIEFS.—The rules of court expressly recognize the power of the appellate court to extend the time therein limited for filing briefs, and neither in the rules nor in the statutes is there any provision which expressly or by necessary implication limits that power to those cases wherein the time so limited has not expired.

MOTION to dismiss appeal.   Denied.

The facts are stated in the opinion of the court.

Stanley Visel, J. L. Murphey and Arthur G. Fisk for Appellant.

James S. Bennett for Respondents.

MYERS, J., *pro tem.*—Respondent moves to dismiss this appeal and affirm the judgment on the ground of appellant's failure to file his brief in time. Appellant's brief was due on August 5, 1918, at which time an order was made extending the time to and including August 25th. On August 28th, on *ex parte* motion therefor and affidavit filed, a second order was made "that the time for filing appellant's brief in the above-entitled cause shall be and the same is hereby extended sixty days from the date hereof." This motion to dismiss was made October 28th, pursuant to notice served and filed October 16th.

Respondent contends that the order of August 28th, purporting to extend the time, was ineffective for the reason that appellant's time had then already expired and no right then remained in him which could be the subject of an extension, citing *Clark* v. *Crane,* 57 Cal. 629, 632, wherein it is said, speaking of an attempted extension of the time for a motion for a new trial after the time therefor had expired: "The court or judge can extend the time under section 1054, above cited, but such extension must be granted within the period of ten days, or within such other period during which the right to give such notice is still alive. After the right to give such notice is gone, giving further time could not be called an extension of the time, but it would be in effect reviving a right which no longer exists; in other words, when such right to give notice is gone, there is really no period of time to extend."

The rules of court provide: "Thirty days after the filing of the transcript, the appellant shall file with the clerk his printed points and authorities. . . . The time above limited for filing points and authorities shall not be extended except by order of the court upon stipulation of the parties, or an affidavit showing good cause therefor." (Rule II.) "If . . . appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed on motion, upon notice given. If the . . . points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion." (Rule V.)

These rules of practice have the force of positive law, so far as the rights of the parties are concerned. (*Brooks* v. *Union Trust Co.,* 146 Cal. 134, 138, [79 Pac. 843].) They have been

uniformly held to "confer rights which may be enforced by litigants." (*McCabe* v. *Healey,* 139 Cal. 30, 32, [72 Pac. 359]; *Headstrom* v. *Hellieson,* 136 Cal. 498, [69 Pac. 148]; *White* v. *White,* 112 Cal. 575, 580, [44 Pac. 1026]; *Bergin* v. *Hinckley,* 123 Cal. 166, 169, [55 Pac. 896]; *Barnhart* v. *Conley,* 17 Cal. App. 230, [119 Pac. 200].)

Respondent's position, as we apprehend it, is that the "right" thus referred to is a vested right which cannot be ignored or interfered with by this court. We think, however, in view of the provision of rule V above quoted, that it is rather in the nature of an inchoate or contingent right which is perfected or becomes vested only in the event that the respondent gives notice of motion to dismiss *before* the points and authorities are filed.

It cannot be here said that to hold valid the order of August 28th "would be in effect reviving a right which no longer existed." On the day that order was made, even though appellant's time for filing brief had expired, he still had, with permission of the court, a right to file it on that day and on every day thereafter, until respondent should give notice of a motion to dismiss. Therefore, the effect of the order was to extend a right then existing, not to revive one which had elapsed.

The rules of court expressly recognize the power of the court to extend the time therein limited for filing briefs, and neither in the rules nor in the statutes do we find any provision which expressly or by necessary implication limits that power to those cases wherein the time so limited has not expired.

The instant case is readily distinguishable from those involving attempted extensions of time in proceedings for a new trial or in the perfection of an appeal. In those cases the steps prescribed by statute are jurisdictional, and a strict compliance therewith is a jurisdictional prerequisite to the power of the court to entertain the motion or consider the appeal. But the filing of appellant's points and authorities is in no sense jurisdictional. This court acquired jurisdiction of the appeal by the perfection of the appeal in the court below, even though no transcript had ever been filed herein. (*Smith* v. *Jaccard,* 20 Cal. App. 280, 288, [128 Pac. 1023]; *Clemens* v. *Gregg,* 34 Cal. App. 272, 279, [167 Pac. 299].)

This motion must be determined by the facts existing at the time the notice of motion was given. (*McCabe* v. *Healey,* 139

Cal. 30, [72 Pac. 359] ; *Barnhart* v. *Conley,* 17 Cal. App. 230, [119 Pac. 200].) Concluding, as we do, that the order extending time was valid, it follows that appellant was not in default at the time this motion was noticed.

The motion is denied and leave is given to appellant to file his points and authorities heretofore tendered for that purpose.

Conrey, P. J., and James, J., concurred.