[No. 2505]

THE STATE OF NEVADA, RESPONDENT, *v.* C. CECCHETTINI AND A. MATTEUCCI, APPELLANTS.

[199 Pac. 1004; 201 Pac. 547]

1. CRIMINAL LAW—JUDGMENT AFFIRMED FOR FAILURE TO SEASONABLY FILE BRIEF, NOTWITHSTANDING FILING AFTER MOTION.

Under supreme court rule 11, requiring appellant in any case to file his points and authorities or brief in fifteen days after filing transcript, and providing that failure of either party to file them in the prescribed time shall be deemed a waiver by him of the right to orally argue the case, and Rev. Laws, 7299, providing that judgment of affirmance may be granted without argument if appellant fails to appear, appellant, by filing a brief, after being in default, and after notice of motion to affirm for that reason, is not saved from an affirmance; though on application and a showing of good cause the supreme court might relieve him of his default.

ON PETITION FOR REHEARING

1. CRIMINAL LAW—MOTION TO DISMISS APPEAL WAIVED, IF NOT MADE AT TIME OF HEARING.

On appeal, where there was no formal motion to dismiss, but the matter argued and submitted as though such a motion had been made, the objection that there was no motion was waived.

2. CRIMINAL LAW—BRIEFS AND POINTS AND AUTHORITIES NECES-
    SARY.
        Contention that briefs and points and authorities are
    unnecessary when transcript of entire trial is made the bill
    of exceptions is without merit, as attorneys must point
    alleged errors of the trial court; the reviewing court not
    being required to comb the record.

APPEAL from the Eighth Judicial District Court,
Churchill County; *E. J. L. Taber,* Judge.

C. Cecchettini and another were convicted of a mis-
demeanor, denied a new trial, and they appeal. Heard
on motion to affirm for default in filing brief. **Affirmed.
Petition for rehearing denied.**

*McCarran & Mashburn,* for Appellants:

There is no necessity for brief or points and author-
ities where the transcript of the entire trial is made the
bill of exceptions. The rule does not refer to errors
assigned on the ground of the failure of the evidence
produced at the trial to support the verdict where it is
filed in toto and made the basis of the bill of exceptions.
Rule 11, Supreme Court.

No motion to dismiss was filed or served. The respon-
dent waived all right to move for judgment of affirm-
ance or for dismissal, because they accepted service of
appellants' brief and points and authorities without
objection, and before notice was given of the date on
which respondents would be heard. Meade Publishing
Co. v. Irwin, 111 N. W. 636; 3 C. J. 1444.

In regard to affirmance of judgment, the language of
the statute is discretionary. Rev. Laws, 7299.

*George J. Kenny,* District Attorney (*A. L. Haight,* of
counsel), for Respondent:

By resisting the motion on its merits, respondents
waived any irregularities there may have been in the
proceedings. 28 Cyc. 7, 9, 10.

No statute or rule of court requires the motion to be
reduced to writing and filed. "In the absence of statu-
tory provisions or rules of court requiring it, a motion

need not be reduced to writing; it may be made orally in open court." 28 Cyc. 4, 6; Herlich v. McDonald, 80 Cal. 472; People v. Ah Sam, 41 Cal. 645; Wallace v. Lewis, 9 Mont. 399.

It is the duty of attorneys to file briefs or points and authorities. This burden cannot be thrust upon the court. 3 C. J. 1407. Failure to do so in time is default. 3 C. J. 1438, 1444; 17 C. J. 186.

Notice of motion was filed and served before counsel for appellants filed and served their points and authorities. Their right to file a brief was therefore cut off by the notice of motion for judgment of affirmance.

By the Court, COLEMAN, J.:

The appellants were convicted of a misdemeanor in the Eighth judicial district court. From an order denying a motion for a new trial, and from the judgment, an appeal has been taken. The transcript on appeal was filed in this court on April 19, 1921.

A motion has been made, argued, and submitted to affirm the order and judgment for failure of appellants to prosecute their appeal. Rule 11, par. 1, of this court provides that within fifteen days after the filing of a transcript on appeal in any case the appellant shall file and serve his points and authorities or brief. Paragraph 3 of said rule provides that a failure of either party to file points and authorities or brief within the time prescribed shall be deemed a waiver by such party of the right to orally argue the case. Section 7299 of the Revised Laws of 1912 provides that—

"Judgment of affirmance may be granted without argument, if the appellant fail to appear."

On May 11, 1921, appellants obtained an order extending the time for filing their opening brief to June 15. On that date a similar order was entered, extending the time until June 25, when a further extension was granted to June 30. On July 5, after the time had lapsed, an order was obtained extending the time for the filing

of the brief to July 10.  No further order was granted or applied for; and on July 28, no brief being on file, counsel for the state filed a notice of motion to affirm the order and judgment appealed from.  Thereafter, and without leave of court, counsel for appellants, on July 29, filed with the clerk of the court a brief in behalf of appellants.  Had counsel failed to file the brief on July 29, there being no other brief on file, our duty to affirm the judgment would be clear, under the section of the statutes to which we have alluded.  This court has had that statute under consideration in two cases.  In the first (State v. Myatt, 10 Nev. 163), the court said:

"When the appellant fails to appear, we will not grope in darkness in search of some fancied error, in order to show" that the judgment is not sustained by the facts nor supported by the law.

And in State v. Chin Wah, 12 Nev. 118, the court disposed of the case in the following words:

"This is an appeal from a judgment convicting the defendant of a felony.  The time allowed the appellant to argue his case having expired without any appearance on his part, the judgment is affirmed in obedience to the provisions of the statute.  Comp. Laws, 2109."

Does the fact that counsel for appellants filed a brief after the time allowed therefor and after the notice of motion to affirm the judgment had been served and filed change the situation?  This is the sole question for our determination.  Rules relative to the procedure in civil as well as in criminal cases before this court are essential.  They are as necessary as are statutes or rules governing the practice in nisi prius courts.  Without them no progress could be made in the disposition of the business of the court, except by applying to the court after every move for an order directing the course of procedure, which would be intolerable, as well as cumbersome.  The rules which have been adopted are recognized by the court and the bar as applicable to criminal as well as to civil cases.  In fact, counsel for appellants,

in applying for orders extending the time for the filing of the brief, so construed the rule. If the rule has any force or meaning, it must be subject to a similar construction as is our statute designating the time within which to plead. If such is not the correct interpretation, then the rule might as well be dispensed with as a thing meaning nothing and serving no purpose.

Counsel generally are liberal in extending the time for the filing of briefs, when circumstances will permit, and this court is more than generous in that regard, as has been shown in this case; but when a right under the rule is insisted upon, it is our plain duty to enforce it. Under the circumstances of this case, we think the right of appellants to file a brief was cut off by the notice of motion for judgment of affirmance. Such construction must be given the rule, or else there can be no such thing as expediting the disposition of matters on appeal in this court, as counsel might not only be very dilatory, but might trifle with the court and resort to tactics merely for the purpose of delay and annoyance. A brief might be prepared and held in readiness for filing, but be withheld until a motion to dismiss is made, and then rushed in. We cannot countenance a construction of our rule which would make such a practice possible, especially in view of the ease with which extensions may be obtained upon a showing of good cause.

If authority is needed to sustain our conclusion, we invite attention to the case of McCabe v. Healey, 139 Cal. 30, 72 Pac. 359, wherein the identical question here presented was involved, the court saying:

"The right of the respondent to have the appeal dismissed must be determined by the facts as they existed at the time the notice of the motion was given, and is not destroyed by the subsequent filing of points and authorities on the part of appellant."

See, also, Leatherman v. Orange County, 148 Ind. 282, 47 N. E. 458; 3 C. J. 1439, note 3.

While the cases mentioned are civil cases, that can

make no difference in the construction of a rule of court applicable alike to both civil and criminal proceedings.

We do not desire to be understood as indicating that upon a showing of good cause we might not relieve the appellants of their default. Such, it has been said, would be the proper practice. People v. Busby, 113 Cal. 181, 45 Pac. 191. But there is no application for relief based upon such grounds.

Notwithstanding the views expressed, we have given the errors assigned such examination as is justified under the circumstances disclosed, and fail to perceive any prejudicial error in the record. State v. Jorme, 34 Nev. 307, 122 Pac. 483.

For the reasons given, the order and judgment are affirmed.

## On Petition for Rehearing

By the Court, Coleman, J.:

A petition for rehearing has been filed herein.

1. It is first contended that no motion to dismiss was made. The exact fact is that notice of motion was served upon counsel for appellants, and at the time stated therein counsel for the state and for appellants appeared. No formal motion was made, but the matter was argued and submitted as though such a motion had been made. Such is the usual practice. The objection now urged does not go to the merits of the matter argued upon the hearing. Counsel cannot now contend that there was no motion. If they had desired to urge this point, they should have done so at the time of the hearing. They did not do so, and cannot now complain of their oversight. They waived the point now made by failing to raise it upon the hearing and by participating in the argument. 28 Cyc. 7, 9, 10.

2. It is said, also, that neither briefs nor points and authorities are necessary when the transcript of the entire trial is made the bill of exceptions. This is, indeed, a startling contention. What are attorneys for, if not to point out the alleged errors of the trial court?

This court, in State v. Milosovich, 42 Nev. 273, 175 Pac. 139, held that it would not comb the record to ascertain the matter urged as reversible error. If we were right in the view then expressed, as we think we were, we know of no sound reason for now holding substantially to the contrary.

It is contended, further, that our position, to the effect that the judgment should be affirmed for lack of appearance, is not supported by the cases cited in our opinion, for the reason that "no appearance whatever was made by the appellant" in those cases, while appearance was made in the instant case. Prior to service of notice of motion to dismiss, the only appearance in this case was to ask for further time. This is not an appearance such as is contemplated by the statute. The appearance contemplated by the statute is one wherein it is sought to point out some error committed by the trial court. Prior to the time the right to do so had been cut off, nothing of that nature was done in this case.

Our attention is directed to what is termed the discretionary language of the statute (Rev. Laws, 7299), providing that judgment of affirmance may be granted without argument if appellant fail to appear. There is nothing in said statute to sustain the petition for rehearing. Counsel for appellant obtained several extensions of time in which to file their brief. On the day the last extension was granted they appeared in open court and asked for ten days further time. They were granted five days, whereupon they assured the court that the brief would be filed within the time allowed by the court. They failed to comply with the assurance given the court; in fact, no brief had been filed twenty-three days thereafter, when the state moved to affirm the judgment.

We do not deem further consideration of the petition necessary. We cannot see that the court was not justified in the order heretofore entered in the case.

The petition is denied.