[Civ. No. 7333. First Appellate District, Division One.—April 15, 1930.]

R. E. JOHNSTON, Respondent, v. S. REINHARD et al., Appellants.

A. J. Stebenne for Appellants.

James T. O'Keefe for Respondent.

TYLER, P. J.—Motion to dismiss appeal upon the ground that appellant has failed to file his transcript within the time prescribed by law. The action was one brought on a promissory note and it was filed on March 15, 1928. The case was tried without a jury on September 25, 1928, and was submitted. After its submission the parties entered into negotiations for a settlement, but nothing came of the matter. On April 19, 1929, the court rendered judgment in favor of plaintiff and against defendants in the sum of $500. Notice of appeal was filed May 3, 1929. No attempt was ever made to prepare a bill of exceptions or to obtain the preparation of a transcript pursuant to the provisions of section 953a of the Code of Civil Procedure until January 24, 1930, when the transcript was filed herein. It thus appears that a period of more than eight months · has elapsed since the notice of appeal was filed and two days after a notice of motion to dismiss the appeal was made. Rule I of the court requires that the transcript shall be filed within 40 days after the appeal is perfected; and if the appeal is taken on a bill of exceptions or in pursuance of section 953a of the Code of Civil Procedure, the time for filing the transcript shall begin to run from the date on which the bill of exceptions or transcript is approved and certified as required by law, or from the date the proceeding to obtain the transcript has been terminated in the court below by dismissal or otherwise. ██ Rule V provides in effect that if the transcript is not filed within the time prescribed by law and is not on file at the time notice of motion to dismiss the appeal is given, the appeal may be

dismissed. It is apparent, therefore, that under the rules above mentioned respondent is entitled to have the appeal dismissed unless it can be said that appellants have made a showing of excusable neglect, legally sufficient to meet the requirements of section 473 of the Code of Civil Procedure.

In opposition to the motion to dismiss, a single affidavit has been filed which merely states that subsequent to the filing of the notice of appeal, negotiations were carried on for a settlement. This statement is flatly contradicted by affidavits filed on behalf of respondents, wherein it is averred that such negotiations were had while the case was under submission in the trial court, but not after judgment rendered. Assuming, however, that the negotiations for a settlement were made after the notice of appeal was filed, as contended for, such fact does not serve legal grounds for the relief sought. Appellants made no effort to obtain a stipulation or order extending the time to file the transcript. The cases uniformly hold that such neglect precludes an applicant from resisting a motion to dismiss the appeal. (*Shain* v. *People's Lumber Co.,* 98 Cal. 122 [32 Pac. 878]; *McFadden* v. *Dietz,* 115 Cal. 697 [47 Pac. 777]; *Weinman* v. *Factor,* 63 Cal. App. 592 [219 Pac. 461]; *Waugaman* v. *Richardson,* 72 Cal. App. 10 [236 Pac. 207].)

For the reason given the motion is granted and the appeal is dismissed.

Knight, J., and Cashin, J., concurred.