[Civ. No. 5644. Fourth Dist. Mar. 5, 1958.]

Estate of H. L. WHISTON, Deceased. KENNETH LeROY WHISTON, Appellant, v. STANLEY NEWMAN, as Public Administrator et al., Respondents.

Kenneth LeRoy Whiston, in pro. per., for Appellant.

Conron, Heard & James for Respondents.

GRIFFIN, J.—This proceeding involves a petition of contestant Kenneth LeRoy Whiston to revoke the probate of a holographic will of his father, Herbert L. Whiston, Sr., dated April 25, 1949. In 1941, deceased was married to Mabel Whiston. Other members of the testator's family were his adult children by a former marriage, Kenneth L. Whiston (contestant), Herbert L. Whiston, Jr., and La Fonda R. Orland.

A few days before the decedent and his wife left for a trip, they made wills respecting the disposition of their property upon death. The testator wrote his in longhand and later signed it in the presence of his accountant, Marian Evans, who was asked to sign as a witness to his signature. She did so and placed the will in the safe in a sealed envelope, as directed by the testator. He then handed her another sealed envelope and said it was his wife's will, and it was also placed in the safe.

H. L. Whiston died on February 23, 1955. The wills were turned over to Mrs. Whiston and her attorney. The testator's will was opened and read. A petition for its probate was filed. At the hearing, Marian Evans testified that the testator wrote and signed the will in his own handwriting and that she witnessed his signature. It was admitted to probate and Mrs. Whiston was appointed executrix. The executrix died July 21, 1955, and the respondent, Public Administrator Stanley Newman, succeeded Mabel Whiston as personal representative under the will here in question. Respondent Marian Evans was appointed executrix of Mabel Whiston's estate. On September 20, 1955, contestant, then represented by his attorney, filed this petition to revoke the subject will on three

grounds: (1) Unsound mind of the testator; (2) Lack of due execution of the will; and (3) That it and the signature thereon were not in the handwriting of the decedent.

Answers were filed by the respondents Public Administrator and Marian Evans, as executrix. The named children of deceased filed no answer. After trial of the issues thus presented the court made its findings, denied the petition, entered judgment dismissing it, and affirmed the previous order admitting the will to probate. Contestant appeals from this judgment. Contestant's attorney was then substituted out of the case, and contestant endeavored to secure several other counsel to represent him on this appeal without success. He then, in propria persona, filed what purports to be a typewritten opening and closing brief setting forth certain claims and objections to the decision of the trial court. He argues that the evidence shows, in truth and in fact, the will was not entirely in the handwriting of the decedent, was not signed by him, and he feels that the property in the estate should have gone to decedent's direct heirs rather than to strangers. The will provided that all of his possessions go to his wife, or if she predecease him, to be divided, $500 each to contestant and Herbert, Jr., $3,000 to La Fonda, and the balance to testator's brother and decedent's four grandchildren.

Proponents first argue that contestant's so-called brief was typewritten and no permission of this court was given allowing it to be so filed; that under rules 15 and 18 of the Rules on Appeal, this court should order the brief stricken, and it should be disregarded. It is then claimed that the appeal is frivolous and should be dismissed or a penalty imposed under rule 26, *supra*, citing *McFadden* v. *Dietz*, 115 Cal. 697 [47 P. 777].

Had the briefs and points attempted to be raised, been filed by a practitioner of law, the record might well indicate the propriety of such action. Under the circumstances, we are more charitably inclined. We have fully examined the transcript and record on appeal. Respondents' motion for a nonsuit on the ground that there was no sufficient evidence of unsound mind of the testator was properly granted. Contestant did not resist the motion. The testimony of the subscribing witness to the signature on the will was similar to that given at the former hearing. She was employed by the testator from 1948 until his death and she fully established her familiarity with his handwriting and signature and

particularly identified them as such. She said the will was, in its entirety, written, dated and signed by him. Apparently she was a main beneficiary under Mrs. Whiston's will, although she was not mentioned in the testator's will. Contestant offered evidence that might well indicate that previous to the execution of this will the testator had stated that he had executed a former will and that the contestant and other children would receive some part of the estate. The attorney for the testator, who had been such for the last five years of the testator's life, testified that Mr. Whiston did say to him something about the fact that he had prepared his own home-made will and wanted to discuss its provisions with said attorney, but he never came in for that purpose; that he was somewhat familiar with the testator's handwriting, in connection with other business transactions, and he thought the will and signature here involved were in the handwriting of the decedent.

Contestant presented a navy pay clerk who claimed to be familiar, to a certain extent, with analyzing handwriting. She pointed out to the court certain letters and marks which she claimed were dissimilar or discrepancies between the signature and the writing in the will and other known signatures and writings of decedent, and asked the court to take note of them. She then expressed her opinion that the will was not written or signed by the testator. She claimed two of the exemplars examined by her and identified by other witnesses to be the testator's signature were the same as the signature and handwriting in the will but these did not compare with the other exemplars examined. Another handwriting expert witness for contestant testified that all of the exemplars shown to him and identified as the signature of the deceased were written by one individual; that the will was not signed by that same individual; and that the person who signed the will also wrote the body of it. On cross-examination he was presented with other exhibits shown by a witness for proponents to be in the handwriting of deceased. He testified those exhibits were written by the same person who wrote the will.

Apparently the trial judge made his own examination of the exemplars and questioned documents and from all the evidence concluded that the will was entirely written, dated and signed in the handwriting of the deceased and executed in the manner and form required by law. He found accordingly.

**230**

■ The time-honored rule is here applicable, i.e., that the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court, and when two or more inferences can reasonably be deduced from the facts the reviewing court is without power to substitute its deductions for those of the trial court, and all conflicts must be resolved in favor of the prevailing party. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

■ There being sufficient competent evidence to support the findings, the judgment must be affirmed.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.