[Civ. No. 2063.    Third Appellate District.—November 7, 1919.]

FRIEND & TERRY LUMBER COMPANY (a Corpora-tion), Respondent, v. JAMES H. DEVINE et al., Ap-pellants.

[1] APPEAL—DELAY IN FILING TRANSCRIPT—MOTION TO DISMISS—DE-NIAL OF.—The appellants are entitled to an order denying a mo-tion to dismiss their appeal, made upon the ground that they did not cause the transcript on appeal to be filed within the forty days allowed by the rules of the appellate courts, where the transcript, though not on file when the notice of motion is served, is filed prior to the hearing on the motion, and it is clear that they did not intend to abandon their appeal, their failure to file the transcript within the proper period being due solely to the erroneous belief of their attorneys that the appeal was to be carried no further, and no adverse rights have been seriously affected by the delay.

MOTION to dismiss an appeal because of delay in filing transcript.   Denied. ·

The facts are stated in the opinion of the court.

S. R. Hart, C. E. McLaughlin and C. P. McLaughlin for Appellants.

Irving D. Gibson for Respondent.

PREWETT, J., *pro tem.*—The respondent moves the court to dismiss the appeal taken herein, upon the ground that appellants did not cause the transcript on appeal to be filed with the clerk of this court within the forty days allowed by rule for that purpose.

Judgment was rendered against the appellants on April 14, 1919, and the appellants in due course filed their notice of appeal, caused the transcript to be prepared and paid all lawful fees therefor.  The court below properly settled and certified the transcript.  The time for filing it in this court expired on the tenth day of September.  It was not filed until the eighteenth day of October.

It is shown that appellant, Devine, who appears to have managed the matter on behalf of himself and his coappellant, is quite aged and in poor health; that he was absent from Sacramento City, the place of residence of himself and his attorneys, by reason of his ill health, during the greater portion of the summer.  A few days after the settlement of the transcript he held a conference with his attorneys concerning the appeal, and they erroneously understood him to say that the appellants intended to abandon the appeal.

[1]  The transcript was not on file when the notice of motion was served, although it was filed prior to the hearing on the motion.

"If the transcript is on file when the notice of motion is given to dismiss the appeal, it defeats the motion.  If filed after the notice is given, the motion is not defeated, but circumstances to excuse the default may be shown by affidavit."  (*Carter* v. *Page,* 77 Cal. 64, [19 Pac. 2].)

It is clear that the appellants did not intend to abandon their appeal.  It is also clear that their failure to file the transcript within the proper period was due solely to the

44 Cal. App.—14

erroneous belief of their attorneys that the appeal was to be carried no further. It appears that no adverse rights have been seriously affected by the delay.

This showing is sufficient to entitle appellants to an order denying the motion.

The motion to dismiss is denied.

Ellison, P. J., *pro tem.*, and Burnett, J., concurred.