[No. 8,228.—Department One.]
June 27, 1882.

## E. A. S. PAGE v. WILLIAM B. LATHAM, Jr.

DISMISSAL OF APPEAL.—In this case the appellant having failed to file the transcript within the time prescribed by the rules, notice to dismiss the appeal was served upon him, but pending the appeal leave was given him to file the transcript.

*Held:* The leave given to file the transcript was not the equivalent of an extension of time under the rules, because such an extension was grantable only for twenty days after the prescribed time ; and the limitary time had elapsed long before the transcript was filed.   Nor was there an adjudication of the respondent's right to a dismissal by granting leave to file the transcript, for leave was given subject to respondent's pending motion to dismiss.

MOTION to dismiss an appeal from a judgment for plaintiff and from an order denying a new trial in the Superior Court of the City and County of San Francisco. HUNT, Jr., J.

*Rhodes & Barstow,* for Respondent.

*B. S. Brooks,* for Appellant.

The COURT:

In the case in hand, time for filing the transcript on appeal, according to Rule 2 of this Court, ended in November, 1881. In December, no transcript being as yet on file, respondent's attorney gave notice that he would move, on January 9, 1882, to dismiss the appeal, for failure to file the transcript within the prescribed time. Hearing of the motion was, by stipulation of appellant's attorney, continued until January 16, 1882, and at that time, on motion of appellant, the hearing was again continued, by order of the Court in bank, until January 30, 1882. On that day the attorney for the appellant appeared and asked leave to file the transcript. Leave being given, the transcript was filed, but the motion to dismiss the appeal remained undisposed of, and the same was transferred to this Department.

We think the respondent is entitled to a dismissal of the appeal, because the transcript was not filed within the time prescribed by Rule 2, nor was it on file at the time the notice of motion to dismiss was given, as provided for by Rule 3; and there had been no extension of the time for filing it applied for or granted. The leave given to file the transcript on the thirtieth of January was not the equivalent of an extension of time under the rules, because such an extension was grantable only for twenty days after the prescribed time; and the limitary time had elapsed long before the transcript was filed. Nor was there an adjudication of the respondent's right to a dismissal by granting leave to file the transcript, for leave was given subject to respondent's pending motion to dismiss. The appeal must, therefore, be dismissed. Ordered accordingly.