[No. 12637. In Bank. — June 27, 1888.]

## LEVI CARTER, RESPONDENT, *v.* TIMOTHY PAIGE, APPELLANT.

APPEAL — FAILURE TO FILE TRANSCRIPT — MOTION TO DISMISS. — If the transcript is on file when notice of motion is given to dismiss the appeal, it defeats the motion. If filed after the notice is given, the motion is not defeated, but circumstances to excuse the default may be shown by affidavit. In such case, if it appears by affidavits that the transcript was ready to be certified and filed in time, and the delay was caused through a mistaken statement to appellant's counsel that copies had been left as requested with respondents counsel for his certificate of correctness, the motion to dismiss the appeal will be denied.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The motion was made to dismiss the appeal, on the ground that the transcript had not been filed in time. The time to file the transcript expired April 14, 1888. The affidavits filed on behalf of appellant showed that the printing of the transcript was completed at Stockton April 12, 1888, and delivered to P. W. Bennett, Esq., of that place, who had promised to procure the certificate of respondent's attorney, who resided in Stockton. Appellant's attorney resided in Fresno, and was informed by letter of Mr. Bennett, dated April 12th, that two copies of the printed transcript had been left at the office of respondent's attorney. It appeared that Mr. Bennett was mistaken, as a student in his office who had been asked to deliver the copies had failed to do so, and had

merely communicated with the office of respondent's attorney by telephone, and reported the result of the conversation. The further facts are stated in the opinion of the court.

*D. S. Terry,* for Appellant.

*Stanton L. Carter,* for Respondent.

The COURT.—Rule 3 of this court provides simply that if a transcript be on file at the time the notice of motion was given, that fact shall be sufficient answer to the motion to dismiss; but it does not follow that no answer can be made at any subsequent time. The mere fact that the transcript is on file at the time the notice of motion was given is all the showing the appellant is required to make to defeat the motion to dismiss; but if the transcript be not filed until after the notice of motion has been given, something more is required. The filing of the transcript does not cure the default or bar the relief sought by the motion. Circumstances going to excuse the appellant's default may be shown by the appellant by affidavit, the sufficiency of which must be determined by the court. The rule was thus construed in *Welch* v. *Kenney,* 47 Cal. 414. On the 17th of April, 1883, respondent's counsel served upon counsel for appellant a notice that he would, on Friday, the fourth day of May, 1888, or as soon thereafter as he could be heard, move this court to dismiss the appeal herein. At the time said motion to dismiss was heard, the transcript was on file herein, together with affidavits on behalf of respondent and appellant. The circumstances shown, we think, are sufficient to excuse the default of counsel for appellant in preparing and serving and filing the transcript on appeal as required by the rules of this court. The transcript was left with Mr. Bennett in time to be served, and the statement of the latter undoubtedly misled counsel for appellant, who believed

that the transcript had been left at the office of counsel for respondent for his certificate of its correctness. Motion to dismiss appeal denied.

Paterson, J., did not participate in the decision of the motion.