[No. 14158. In Bank. — March 21, 1891.]

WILLIAM S. CHAPMAN, APPELLANT, *v.* THE BANK OF CALIFORNIA, RESPONDENT.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT IN TIME — EXCUSE FOR DELAY. — The filing of the transcript on the same day after the service of a notice of motion to dismiss the appeal for failure to file it in time is not a sufficient answer to the motion; and the motion must prevail, unless the appellant, by affidavit, shows a sufficient excuse for delay.

ID. — SUFFICIENCY OF SHOWING. — The appeal will not be dismissed when the affidavit of appellant's attorney shows that the appeal was prosecuted in good faith, and that the delay was trifling, and was caused by circumstances which would have justified an order extending the time to file the transcript, and that before service of the notice he was seeking to have the transcript certified.

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. M. Osmont*, for Appellant.

*Newlands, Allen & Herrin*, for Respondent.

BEATTY, C. J. — Motion to dismiss an appeal from a judgment and order denying a new trial, on the ground that the transcript was not filed in time.

The judgment, in favor of defendant, was rendered September 27, 1889. The order overruling plaintiff's motion for a new trial was made August 28, 1890. Notice of appeal from the judgment and order was filed and served September 25th, and undertaking on appeal filed September 27th.

The time for filing the printed transcript prescribed by rule 2 of this court expired November 5, 1890.

On November 15th, no transcript having been filed, respondent served notice of his motion to dismiss. On the same day, but subsequent to the service of said notice, appellant filed a written transcript duly certified by the county clerk, which was thereafter printed and served.

The fact that the transcript was filed the same day notice to dismiss was served, but at a later hour, does not bring the appellant within the protection of rule 2 of this court (*Hoyt* v. *S. F. & N. P. R. R. Co.*, 87 Cal. 610), and the motion to dismiss must prevail, unless the appellant has by his affidavit shown a sufficient excuse for his delay to call for some relaxation of the rule providing for the dismissal of appeals for the failure to file the transcript within the time prescribed.

As to this, the undisputed facts are, that on September 25th, the very day the notice of appeal was served, the attorney for appellant was called to the state of Tennessee on account of the illness of his mother, and did not return to California until October 24th. On his return, to the demands upon his attention of a multipli-
.y of business that had accumulated during his absence,

by mere inadvertence he overlooked this case for a few days. But within nine days after the time for filing the transcript had expired, viz., on the 14th of November, he prepared and presented to the county clerk a correct type-written copy of the record to be certified. The clerk was not able to compare and certify this transcript until the following day, and in the mean time the notice to dismiss was served.

This shows that the appeal was taken and prosecuted in good faith. The delay in filing the transcript was trifling, and the hearing and decision of the cause on its merits will not thereby be delayed, at least not appreciably. The circumstances which occasioned the delay and oversight of counsel were such as to appeal strongly to the discretionary power of the court, and would, without doubt, have procured an order extending the time for filing the transcript if they had been brought to our attention before the motion to dismiss was made. If so, there is no reason why we may not, after the motion, relieve the appellant from the consequences of his delay, when the facts show that before service of the notice of motion to dismiss he was proceeding with all expedition to rectify his mistake.

Motion denied.

McFARLAND, J., DE HAVEN, J., PATERSON, J., SHARP-STEIN, J., and HARRISON, J., concurred.