| 98 | 120 |
|----|-----|
| 112 | 580 |
| 98 | 120 |
| 123 | 169 |
| 98 | 120 |
| 136 | 499 |
| 98 | 120 |
| e139 | 32 |
| 98 | 120 |
| 146 | 444 |

[19176. In Bank.—April 8, 1893.]

## JOSEPH E. SHAIN, APPELLANT, *v.* PEOPLE'S LUMBER COMPANY, RESPONDENT.

APPEAL—COMPLIANCE OF APPELLANT WITH RULES—DISMISSAL—FAILURE TO FILE POINTS IN TIME.—The right of an appellant to a consideration of his appeal by the appellate court depends upon his compliance with the rules of the court in perfecting his appeal by filing his transcript, and thereafter his points and authorities within the time specified in the rules. If the appellant seeks to invoke the provision in the rules for the granting of additional time, he must bring himself within the terms upon which the favor is to be granted, and if he neglects to procure a stipulation from the respondent, or an order of the court upon a proper affidavit, he is not in a position to resist a motion of the respondent to dismiss the appeal for failure to file his points within time.

ID.—STIPULATION AND ORDER EXTENDING TIME—CONSTRUCTION OF ORDERS—EXPIRATION OF TIME.—Where an appellant procured a stipulation giving him "twenty days in addition to the time allowed by the rules of the court in which to serve and file his points and authorities," "and that the order of the court may be entered herein in accordance with this stipulation upon its being filed"; but the stipulation was not filed, nor was any order obtained thereon; and after the giving of the stipulation, upon an affidavit by the attorney for the appellant, not stating the date of the filing of the transcript, nor when the time allowed by the rules of the court would expire, nor that any order or stipulation had been made granting time, an order of court was made that appellant have "twenty days additional time to that allowed by rule of court" to serve and file his brief, such order only covered the same period of time as that granted by the stipulation, and the failure of the appellant to have his brief filed within that time gave the respondent the right to a dismissal of the appeal.

ID.—RIGHTS OF RESPONDENT—SUBSEQUENT FILING OF POINTS.—The right of a respondent to have the appeal dismissed for failure of the appellant to file his points and authorities within the time limited by the rules of the appellate court, must be determined by the facts as they exist at the time the notice of motion is given, and is not destroyed by the subsequent filing by the appellant of his points and authorities.

ID.—AFFIDAVIT FOR EXTENSION OF TIME—PRACTICE.—The proper practice for an attorney desiring an order of the supreme court extending the time within which he may file his points and authorities, is to show by the affidavit, upon which he asks for the order, the date when the transcript was filed, and whether any time in addition to that limited by the rule has been given, either by order or by stipulation, so that it may be determined therefrom whether it is within the discretion of the court to grant the time asked for.

ID.—OBJECT OF RULES—FACILITATION OF BUSINESS—RIGHTS OF LITIGANTS.—Rules of court are designed to facilitate the business of the court as well as for the convenience of litigants, and the rule requiring points and authorities to be filed within a specified time after the filing of the transcript confers rights which may be enforced by the litigants.

MOTION to dismiss an appeal from the Superior Court of Ventura County.

The facts are stated in the opinion of the court.

*Blackstock & Shepherd,* for Appellant.

*W. H. Wilde,* and *E. S. Hall,* for Respondent.

HARRISON, J. — The transcript in this case was filed O tober 20, 1892, and on November 1st the respondent stipulated with the appellant that he might have "twenty days in addition to the time allowed by the rules of this court in which to serve and file his points and authorities . . . . and that the order of the court may be entered herein in accordance with this stipulation upon its being filed." The stipulation was not, however, filed, nor was any order obtained thereon as was contemplated by it, but on the eighth day of December, upon an affidavit of Vincent Neale, one of the attorneys for the appellant, an order was made by the court "that appellant have twenty days additional time to that allowed by rule of court within which to prepare and serve his opening brief herein." The affidavit did not state the date when the transcript was filed, or when the time allowed by the rules of the court for filing points and authorities would expire, nor did it state whether any order or stipulation had been made granting time for filing points and authorities, and when the above order was asked for, the words "to that allowed by rule of court" were inserted therein before the order was signed. On the 19th of December, the respondent moved to dismiss the appeal upon the ground that no points and authorities had been filed on the part of the appellant; and on the 28th of December the appellant filed his points and authorities.

Rule II. of this court requires the appellant to file with the clerk his printed points and authorities within thirty days after the filing of the transcript, and declares that the time so limited shall not be extended " except by order of the court upon stipulation of the parties, or an affidavit showing good cause therefor, and in no case for more than twenty days"; and rule V. provides that if the points and authorities are not filed within the time prescribed, the appeal may be dismissed on motion upon notice given. For the purpose, therefore, of enabling the court to determine whether an order extending the time to file points and authorities should be granted, the proper practice for an attorney who would seek such additional time is to show by the affidavit upon which he asks for the order, the date when the transcript was filed, and whether any time in addition to that

limited by the rule has been given, either by order or by stipulation, so that it may be determined therefrom, whether it, is within the discretion of the court to grant the time asked for. In the present case the time provided by the stipulation, as well as that granted by the order, covered the same period of time, viz., twenty days in addition to the time allowed by the rules of the court, and expired on the ninth day of December. The notice of the motion to dismiss the appeal was not served until the 19th of December, and at that date the respondent had the right under rule V. to a dismissal. The right of the respondent to have the appeal dismissed must be determined by the facts as they existed at the time that notice of the motion was given, and was not destroyed by the subsequent filing of points and authorities on the part of the appellant.

Rules of court are designed to facilitate the business of the court as well as for the convenience of litigants, and the rule requiring the points and authorities on behalf of the respective parties to be filed within specified times after the filing of the transcript confers rights which may be enforced by the litigants. The right of the appellant to be heard depends in the first place upon his compliance with the provisions of the Code of Civil Procedure in taking his appeal, as well in the manner as within the time provided by that code, and after his appeal has been taken his right to a consideration thereof by this court depends upon his compliance with the rules of this court in perfecting his appeal by filing his transcript, and thereafter, his points and authorities, within the time specified in those rules. The rules themselves provide for additional time to be granted if by reason of any intervening cause, through no fault of the appellant, he may have been prevented from a strict compliance therewith; but, if the appellant would invoke such provision, he must bring himself within the terms upon which the favor is to be granted. If he neglects to procure a stipulation from the respondent, or an order of the court upon a proper affidavit, he is not in a position to resist a motion of the respondent to enforce the penalty which the rules have declared shall follow such neglect.

The motion to dismiss the appeal is granted.

BEATTY, C. J., DE HAVEN, J., PATERSON, J., McFARLAND, J., GAROUTTE, J., and FITZGERALD, J., concurred.