[Civ. No. 2776.   Second Appellate District, Division One.—December 10, 1918.]

## E. G. BORGMEYER, Respondent, v. J. B. SOLOMON, Appellant.

Appeal—Failure to File Brief Within Time—Inadvertence of Law Clerk—Relief.—An appeal will not be dismissed for the failure of the appellant to file his brief within the time provided by the rule of court, and his application for relief from the default will be granted, where it is shown that he was proceeding in good faith with the prosecution of the appeal and that the default was due to the inadvertence of the clerk of counsel for the appellant to advise counsel that the time was about to expire.

Id.—Relief from Default—Power of Court.—While rules of court requiring briefs on appeal to be filed within the time specified undoubtedly confer rights which may be enforced by litigants, yet the rights so conferred are subject to the right and power of the court, upon a proper showing, to relieve a party from his default, on the ground of mistake, inadvertence, or excusable neglect.

MOTION to dismiss appeal and counter-motion for relief from default in the filing of brief.  Motion to dismiss appeal denied; counter-motion granted.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Philip Cohen for Respondent.

MYERS, J., *pro tem.*—This case comes up on respondent's motion to dismiss the appeal for appellant's failure to file brief in time, and appellant's motion to be relieved from his default on the ground of inadvertence and excusable neglect, and for leave to file his brief tendered therewith.

The time for filing appellant's brief, as extended pursuant to stipulation, expired October 22, 1918. Four days thereafter, no brief having been filed, respondent served and filed notice of this motion to dismiss. Appellant's counter-motion for relief is based on affidavits from which it appears that appellant's counsel, who was charged with the conduct of this litigation, relied upon a clerk in his office to keep him advised of the time when briefs in the pending cases were required to be filed; that the employee who was charged with this duty, through inadvertence, neglected to so inform him respecting this case; and that he was wholly unaware that the time for filing this brief had expired or was about to expire until the notice of motion to dismiss was served. Other facts are stated from which it sufficiently appears that appellant was proceeding in good faith with the prosecution of this appeal. There are also affidavits, both by appellant and his counsel, showing that appellant was advised by his counsel and in good faith believes that good grounds for the appeal exist.

The rules of court requiring briefs on appeal to be filed within the time specified undoubtedly confer rights which may be enforced by litigants. (See opinion of this court in *Wood* v. *Mesmer, post,* p. 108, [178 Pac. 314], and cases there cited.) It is equally certain, however, that the rights so conferred are subject to the right and power of the court, upon a proper showing, to relieve a party from his default on the ground of mistake, inadvertence, or excusable neglect. (*Brooks* v. *Union Trust Co.,* 146 Cal. 134, 138, [79 Pac. 843] ; *Santa Paula Water Works* v. *Peralta,* 5 Cal. Unrep. 779, [42 Pac. 239] ; *Estate of Lakemeyer,* 6 Cal. Unrep. 695, [65 Pac. 475].) As was said by the supreme court in *Estate of Keating,* 158 Cal. 115, [110 Pac. 115] : "There can be no doubt that where such default is made under circumstances which would show good cause for relief under the decisions on that subject in applica-

tions, under section 473 of the Code of Civil Procedure, whether that section be applicable to the supreme court or not, this court should grant similar relief, allow the transcript to be filed after the time fixed by the rule, and retain the appeal."

The showing made by the affidavits presented by appellant in support of his motion brings this case fairly within the rule thus laid down.

Respondent's motion to dismiss the appeal is denied, and appellant's motion for leave to file his brief tendered therewith is granted.

Conrey, P. J., and James, J., concurred.