[Civ. No. 1857. Third Appellate District.—January 6, 1920.]

YOLO WATER AND POWER COMPANY (a Corporation), Appellant, v. WILLIAM O. EDMANDS et al., Respondents.

[1] APPEALS—TIME FOR FILING BRIEFS—RULES OF COURT—RIGHTS OF LITIGANTS TO ENFORCE—RELIEF FROM DEFAULT.—While the rules of the supreme court and the district courts of appeal requiring briefs on appeal to be filed within a given time confer rights which may be enforced by litigants, the rights so conferred are subject to the right and power of the court, upon a proper showing, such as made in this case, to relieve a party from his default upon the ground of mistake, inadvertence, or excusable neglect.

MOTION to dismiss an appeal from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Motion denied.

The facts are stated in the opinion of the court.

Theodore A. Bell, Arthur C. Huston and W. P. Thomas for Appellant.

John S. Partridge, H. E. Witherspoon and Preston & Preston for Respondents.

ELLISON, P. J., *pro tem.*—Motion to dismiss an appeal. The action was brought by plaintiff, a Public Service Corporation, against the defendants to condemn certain real property situate in Lake County, California. After trial by jury a judgment was rendered on the twenty-second day of October, 1917, condemning the lands asked for by the plaintiff and fixing the defendants' damages in the gross sum of one hundred and five thousand six hundred dollars. Thereafter, on the twenty-second day of October, 1917, the plaintiff filed its notice of appeal from said judgment. The transcript on appeal was filed in this court on the fourteenth day of May, 1918. On the sixth day of September, 1919, no brief having been filed on behalf of the plaintiff and appellant, the respondents filed in this court a notice of motion to dismiss said appeal on the ground that plaintiff and appellant had failed to file any points and authorities on appeal in said action within the time required by law, the rules of the supreme court and the district court of appeal of the state of California.

The motion was based upon a formal notice, the records and files in said cause on file in this court, and a certificate of the clerk of the county of Mendocino, showing the entry of said judgment, the notice of appeal, and was, also, supported by the affidavit of Mr. H. L. Preston, one of the attorneys for the respondents.

The affidavit of Mr. Preston was to the effect that no brief or points and authorities had at that time been filed by the appellant and that no extension of time had ever been granted by the supreme court or by the district court of appeal for the third district, and that the time allowed by

law and the stipulation of counsel and the order of this court had long since expired for plaintiff and appellant to file its points and authorities in the above-entitled action.

It may be added that the record shows that the appellant was granted by stipulation several extensions of time in which to file its opening brief and that the last written stipulation expired on September 15th, 1918.

Mr. John S. Partridge, one of the attorneys for respondents, made an affidavit in which he stated: "It is true that in September, 1918, said Theodore A. Bell became a candidate for Governor of the state of California and that affiant as a matter of courtesy extended to the said appellant such additional time as might be necessary, due to the candidacy of Mr. Bell; that affiant has no recollection of any conversation with Mr. Bell after the election in November, 1918, but affiant states that if he did state to Mr. Bell over the telephone that he might take such time as he needed after the conclusion of the campaign, it was not the idea or intention of affiant that the time should be extended for such an unreasonable period as the month of September, 1919."

Mr. Bell, the leading attorney for the plaintiff and appellant, made an affidavit in which, among other things, he averred: "The verbal extensions of time in which to file appellant's opening brief granted to affiant by Mr. Partridge were not limited to the period of affiant's candidacy for Governor, but were unlimited in character, and affiant always believed that the time was and would remain open until such time as Mr. Partridge might object to any delay in the filing of said brief." Affiant also stated: "It is usual and customary in such cases for opposing counsel to make some objection to further time before presenting a motion to dismiss, and affiant at all times believed that counsel for the respondents would call the matter to affiant's attention before endeavoring to defeat a review of the appeal herein upon its merits."

Mr. Bell also averred that upon the termination of the campaign for Governor a large amount of accumulated legal business, at home and throughout the country, demanded his personal and exclusive attention, and that "the preparation of the brief entailed a vast amount of labor and searching of authorities, and it was not until about May 1, 1919, that

affiant was able to place in the hands of the printer the manuscript, covering about 195 pages, of the brief as now filed.'' He further stated ''that after preparing about 180 pages of the typewritten brief he got Mr. Partridge on the telephone and told him that about 180 pages had been written, and that affiant would require further time to finish the brief. Mr. Partridge jokingly said, in substance: 'Why are you writing such a long brief—why do you want to make us so much trouble to answer it?' and, in substance, told affiant to take as much time as he required to conclude the work.''

The record shows the brief in this case was actually filed on the eleventh day of September, 1919, five days after the filing in this court of the notice of motion to dismiss the appeal. The rules of the supreme court and this court provide that if appellant's points and authorities are not filed within thirty days after the filing of the transcript, the court may, on motion, dismiss the appeal.

The plaintiff is a Public Service Corporation and the defendants are land owners, a portion of whose lands is sought to be condemned for the purposes of appellant water company. It is thus apparent that large and important property rights are the subject of the litigation. That appellant did have written stipulations granted to it by respondents is not controverted and that Mr. Bell had a talk with Mr. Partridge over the telephone asking for further time is not disputed, and it may well be that appellant understood from such conversation that he was to have all the time required to file the brief, and that after his gubernatorial campaign, while devoting himself to his accumulated legal business, he was resting easy in the belief that if respondents were dissatisfied with the delay, they would call his attention to it.

That the appeal was not abandoned and that he was endeavoring in good faith to present the appeal to this court is apparent from the fact that a very large portion of the brief had previously been prepared and was in the hands of the printer at the time the notice of motion to dismiss was given.

[1] We are satisfied from a study of the authorities and especially of the case of *Borgmeyer* v. *Solomon,* 39 Cal. App. 106, [178 Pac. 544], that this case presents, when all

the facts are considered, one of excusable neglect, and that the appeal should not be dismissed.

As said in the foregoing case: "The rules of court requiring briefs on appeal to be filed within the time specified undoubtedly confer rights which may be enforced by litigants. (See opinion of this court in *Wood* v. *Mesmer,* 39 Cal. App. 108, [178 Pac. 314], and cases there cited.) It is equally certain, however, that the rights so conferred are subject to the right and power of the court, upon a proper showing, to relieve a party from his default upon the ground of mistake, inadvertence, or excusable neglect. (*Brooks* v. *Union Trust Co.,* 146 Cal. 134, 138, [79 Pac. 843]; *Santa Paula Waterworks* v. *Peralta,* 5 Cal. Unrep. 799, [42 Pac. 239]; *Estate of Lakemeyer,* 6 Cal. Unrep. 695, [65 Pac. 475].) As was said by the supreme court in *Estate of Keating,* 158 Cal., at page 115, [110 Pac. 112]: 'There can be no doubt that where such default is made under circumstances which would show good faith under the decisions on that subject in applications under section 473 of the Code of Civil Procedure, whether that section be applied to the supreme court or not, this court should grant similar relief, allow the transcript to be filed after the time fixed by the rule, and retain the appeal.' "

The appellant was undoubtedly given considerable latitude in the time needed to prepare and file its brief, and in view of the purport of the affidavits, the speedy filing of the comprehensive brief, the importance and magnitude of the questions involved, the apparent acquiescence by the respondents until their motion to dismiss was served and filed, it seems to us that counsel for appellant's assumption that he still had time to file his brief by authority of his oral understanding with respondents' attorney was not entirely unwarranted.

From a consideration of the entire case, we are of the opinion that the motion to dismiss the appeal should be denied, and it is, accordingly, denied.

Hart, J., and Burnett, J., concurred.