[Civ. No. 2543. Third Appellate District.—December 9, 1922.]

## HARRY J. GRAY, Respondent, v. P. L. YARBROUGH, Appellant.

[1] APPEAL—DELAY IN FILING OPENING BRIEF—MOTION TO DISMISS—DISCRETION.—Appellant's opening brief having been filed prior to the making of respondent's motion to dismiss the appeal, but subsequent to the service and filing of notice of such motion, and the affidavit of appellant's counsel having shown that the action involved questions of fraud, that the preparation of the brief required a great deal of time, that counsel had been diligent in the preparation thereof, and that they had computed the time within which they might file such brief from the date of the making of the order extending their time, and not from the date their time had previously expired, the appellate court believed that discretion should be exercised in favor of a hearing of the appeal on its merits.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County. George H. Thompson, Judge Presiding. Motion denied.

The facts are stated in the opinion of the court.

John R. Connelly and Evan J. Hughes for Appellant.

Chas. A. Bliss for Respondent.

FINCH, P. J.—[1] On the eighteenth day of November, 1922, respondent served and filed notice of motion to dismiss the appeal herein on the ground that appellant's opening brief had not been filed. Such brief was thereafter filed December 2d and the motion to dismiss was made and argued December 4th.

The transcript on appeal was filed September 18, 1922. October 26th, on affidavit, this court made an order granting appellant "an extension of thirty days in which to file" his

opening brief, his time not having theretofore been extended by stipulation or order. Counsel for appellant presented his affidavit at the hearing of this motion to the effect that he and the attorney associated with him on the appeal believed that by the said order appellant's time had been extended to and including November 27th. On that day appellant secured a further order extending his time to and including December 2d within which to file his opening brief, conditioned, however, that such order should not prejudice respondent's motion to dismiss. The affidavit of appellant's counsel states that the action involves questions of fraud and that the preparation of the brief required a great deal of time, and that counsel had been diligent in the preparation thereof. In *Town of Mill Valley* v. *Massachusetts Bonding & Ins. Co.,* 189 Cal. 52 [207 Pac. 253], the supreme court said: "The primary subject of investigation upon a motion to dismiss for failure to file a transcript within the time prescribed by our rule, whatever the technical aspect of the case may be, is always the question whether the appeal has been diligently prosecuted. In the decision of that question the court has a very large discretion." (See, also, *Borgmeyer* v. *Solomon,* 39 Cal. App. 106 [178 Pac. 544]; *Friend & Terry Lumber Co.* v. *Devine,* 44 Cal. App. 208 [186 Pac. 187]; *Yolo W. & P. Co.* v. *Edmands,* 45 Cal. App. 410 [187 Pac. 755].)

Under the circumstances of this case it is believed that discretion should be exercised in favor of a hearing of the appeal on its merits.

The motion to dismiss is denied.

Burnett, J., and Hart, J., concurred.