[Civ. No. 4234. Second Appellate District, Division One.—May 10, 1923.]

## J, C. BERENDSEN et al., Respondents, v. A. BABDATY, Appellant.

[1] APPEAL—DELAY IN FILING BRIEF—INSUFFICIENT EXCUSE—RELIEF FROM DEFAULT.—The fact that appellant's counsel was under an unusual pressure of work and that his general health was poor cannot be accepted as a sufficient reason for excepting his case from the salutary rule of the supreme court which provides that "within thirty days after the filing of the transcript, the appellant shall file with the clerk his printed points and authorities"; neither is that fact sufficient to entitle appellant to be relieved from his default, under the provisions of section 473 of the Code of Civil Procedure.

[2] ID. — EXPIRATION OF TIME — ABSENCE OF KNOWLEDGE — INSUFFICIENT EXCUSE.—The fact that appellant's counsel did not personally examine his calendar nor have his attention directed by either his stenographer or by his clerk to the fact that his brief either was about to become due or that the time had elapsed within which under the rule he might properly file same, is not enough to bring his neglect within the terms of section 473 of the Code of Civil Procedure.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles. E. A. Luce, Judge. Granted. Motion to be relieved from default in filing opening brief. Denied.

The facts are stated in the opinion of the court.

---

1. Excusable neglect of attorney in failure to file brief within time required, note, 27 L. R. A. (N. S.) 858.

C. M. Mooslin and Bernard Potter for Appellant.

Samuel H. French for Respondents.

HOUSER, J.—Plaintiffs have presented a motion to dismiss the appeal of defendant Badaty herein for the reason that he has failed to file his opening brief within the time allowed by rule of this court, and the said defendant has filed a motion to be relieved from such default.

It appears that appellant was first late in filing the transcript on appeal in that while it should have been filed not later than January 3, 1923, it was not until February 12, 1923, that it was actually filed. At that time the attorney representing plaintiffs wrote a letter regarding the matter of further delay to Bernard Potter, Esq., who was representing the appellant. It is not denied that the letter was received by Mr. Potter. A copy of the letter is as follows:

"February 12th, 1923.

"Mr. Bernard Potter,
    "Title Insurance Building,
        "Los Angeles, Calif.
"Dear Mr. Potter:

"I have just signed the stipulation and acknowledged service on your transcript in the Babdaty case, and Parker & Stone told me that they would call for it to-morrow, and it will then be filed. In view of the very considerable delay in filing the transcript, which was inexcusable in your client, I am going to insist on the brief being filed within the proper time, which, as I figure it, will be on or before Thursday, March 15th. In view of the consideration which I have shown in the matter of the transcript, I think you will agree with me that this is only fair, and will also understand that my complaint in the matter is directed at your client and not at your own good self.

"With best personal regards, I am,
                "Yours very truly,
                    "Samuel H. French."

Subdivision 4 of rule II of this court (176 Pac. viii) provides that "within thirty days after the filing of the transcript, the appellant shall file with the clerk his printed points and authorities." As is stated in the letter to Mr. Potter, the appellant's opening brief was due to be filed with

the clerk of this court not later than March 15, 1923. On
April 13, 1923, which was twenty-nine days after appellant's
opening brief was past due, and no brief having been filed
in his behalf, respondents served upon attorneys for ap-
pellant their notice of motion to dismiss the appeal herein.
Appellant does not contest the facts, but seeks to be relieved
because of "mistake, inadvertence and excusable neglect"
under the provisions of section 473 of the Code of Civil
Procedure. An affidavit of merits has been filed, together
with an affidavit by Mr. Potter, to the effect that it has
never been the intention of appellant to abandon the appeal,
but that it has always been his endeavor in good faith to
present it to the court; that although there is associate
counsel in the case, and notwithstanding the fact that for
several months last past Mr. Potter has been ill and in no
fit condition to attend to business, Mr. Potter has had sole
charge of the case and that he has been exceedingly busy
in court and out of court for many weeks preceding the
date of the filing of the motion to dismiss the appeal; that
the reason Mr. Potter did not seek an extension of time
within which to file appellant's points and authorities was
that he expected to have his brief prepared and served
within time and did not realize, on account of being engaged
in court almost constantly, that the time was expiring or
had expired and did not realize that the same had expired
until the notice of motion to dismiss was served; that
through inadvertence and neglect he did not examine his
calendar, nor was his attention directed thereto; that it has
been the habit of one of his stenographers to direct his at-
tention to matters that were arising before they came on for
hearing, but that some weeks before the opening brief be-
came due the stenographer who had attended to such mat-
ters had left Mr. Potter's office, and the clerk maintained
in the office was not in the habit of performing such duty.

Aside from the presumed knowledge possessed by the at-
torney representing appellant as to the time within which
his points and authorities should, under the rule, be filed
with the clerk of this court, the letter which was written to ap-
pellant's attorney by the attorney representing respondents
particularly directed attention to former delays with refer-
ence to the filing of the transcript on appeal and, after
pointing out that as to the briefs he would insist on their

being filed within the proper time, specified "Thursday, March 15th" as being the limit for filing same.

[1]   The fact that appellant's counsel was under an unusual pressure of work and that his general health was poor cannot be accepted as a sufficient reason for excepting his case from the salutary rule requiring briefs to be filed within a certain time. If the law matters entrusted to his care were demanding so much of his time that it was an impracticability, considering the state of his health, for him to properly attend to the preparation of the opening brief in this case within the time permitted under the rule, the probabilities are that he could have obtained an extension of time either from opposing counsel or by an order of this court. It is said in *Bailey* v. *Taaffe*, 29 Cal. 424, that "the relief sought is asked solely on the score of excusable neglect; and upon that subject all that is said is in substance that on account of the complicated condition of defendant's title, and from the fact that the complaint was verified, more time was required to prepare the answer than is required in ordinary cases, and that during a portion of the time allowed for answering, the attorney employed to conduct the defense was compelled to be absent from town. But so far as all this tends to establish a legal excuse, it is completely and conclusively answered by the fact that no reason is given why, if more time was required, either on account of the complications suggested, or on account of the necessary absence of counsel, an application to opposite counsel, or if denied by him, to the court, for an extension of time was not made. If there was any good reason for an extension, doubtless it could have been readily obtained from opposite counsel by stipulation. If not, it certainly could have been obtained from the court by an order to that effect. There is, therefore, no pretense but that an extension of time could have been readily obtained from one source or the other had an application been made, and there is no pretense that an opportunity to make the application was, from any cause, not afforded. . . . In view of these facts, it cannot be said with any show of reason that the failure to answer in time is shown to have been excusable within the meaning of the law." To the same effect, see *Shain* v. *People's Lumber Co.*, 98 Cal. 122 [32 Pac. 878], where the court concludes the matter with the statement

that "if he neglects to procure a stipulation from the respondent, or an order of the court upon a proper affidavit, he is not in a position to resist a motion of the respondent to enforce the penalty which the rules have declared shall follow such neglect."

As showing generally that appellant is not entitled to the relief which he seeks, see *McFadden* v. *Dietz*, 115 Cal. 697 [47 Pac. 777]; *Suman* v. *Archibald*, 116 Cal. 42 [47 Pac. 865]; *Pilger* v. *Strassman*, 119 Cal. 692 [52 Pac. 40]; *McCabe* v. *Healey*, 139 Cal. 30 [72 Pac. 359]; *Coats* v. *Coats*, 146 Cal. 443 [80 Pac. 694]; *Egressy* v. *Stansbury*, 149 Cal. 392 [87 Pac. 280], *Barnhart* v. *Conley*, 17 Cal. App. 230 [119 Pac. 200]; *Pierce* v. *Employers' Ind. Exchange*, 33 Cal. App. 98 [164 Pac. 403].

Counsel's illness apparently was not so serious as to prevent him from attending to some of his business for other clients, and the fact that he chose to attend to such business rather than to the matter of preparing the brief in this case does not present a satisfactory reason for granting relief to appellant. (*Elliott* v. *Shaw*, 16 Cal. 377; *Ekel* v. *Swift*, 47 Cal. 619; *McGuire* v. *Drew*, 83 Cal. 225 [23 Pac. 312].)

[2] That counsel did not personally examine his calendar nor have his attention directed by either his stenographer or by his clerk to the fact that his brief either was about to become due or that the time had elapsed within which under the rule he might properly file same, is not enough to bring his neglect within the terms of the statute. The purpose of the rule is not only to facilitate the business of the court, but as well for the convenience and ultimate advantage of litigants. In order that it may be of value, it must be enforced.

It follows that respondents' motion to dismiss the appeal should be granted, and that appellant's motion to be relieved from his default should be denied. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.