[Civ. No. 4441. First Appellate District, Division Two.—September 1, 1923.]

L. R. WEINMANN, Respondent, v. HARRY FACTOR, Appellant.

[1] APPEAL—DISMISSAL—FAILURE TO FILE BRIEF IN TIME.—An appellant is not entitled to relief from default arising from his failure to file his opening brief within the prescribed time, where such brief was filed about five and a half months after the time allowed for filing had expired and two days before the date set for hearing the motion to dismiss the appeal, and where it appeared that the sickness of the attorney of record for the appellant, which was given as the only excuse for the delay, did not cover the full period of such delay, and that another attorney was attending to some of the legal business of the attorney of record, no showing being made why this attorney or some other could not have filed the brief in the case, or at least obtained a stipulation or order protecting the time to file the same.

MOTION to dismiss appeal from judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Granted.

The facts are stated in the opinion of the court.

E. F. Conlin for Appellant.

Burbank & Spence for Respondent.

NOURSE, J.—Respondent has moved to dismiss the appeal upon the ground that appellant's opening brief had not been filed within the time prescribed. The notice of motion to dismiss was made and filed on the fourteenth day of July, 1923, and on the eleventh day of August, 1923, two days before the date set for hearing thereof, appellant filed his opening brief. The motion is covered by *Coats* v. *Coats*, 146 Cal. 443 [80 Pac. 694], and *Berendsen* v. *Babdaty*, 62 Cal. App. 185 [216 Pac. 385]. In the former case the brief was on file at the time the motion was granted, but it had been filed a few days after the time for filing

1. Whether neglect of counsel is to be imputed to party, under statute providing for relief from judgment for mistake, inadvertence, surprise, or excusable neglect, note, 27 L. R. A. (N. S.) 858.

had expired. In this case the delay was much longer. Judgment was recovered in the superior court by respondent on January 27, 1922, and notice thereof was given the same day. On February 4th of the same year a notice of motion for a new trial was given, and on April 27th following the motion was denied. On May 18th following a notice of appeal to the supreme court was filed, though under the constitution the action was one within the jurisdiction of the district court of appeal. This necessitated an order of the supreme court transferring the cause to this court for decision. The transcript, prepared under section 953a of the Code of Civil Procedure, was filed on December 27, 1922, the delay being caused by appellant's failure to pay the required fees therefor. The time for filing appellant's brief expired on January 26, 1923, but was continued to February 27th of the same year by three different stipulations given by counsel for respondent upon the express assurance of appellant's counsel that his brief would be filed within the time allowed. No further time for the filing of said brief since the 27th of February, 1923, was requested or allowed, and the only excuse for the failure to do so is that the attorney of record for appellant was sick. It appeared, however, at the oral argument that the sickness did not cover the full period of the delay and that another attorney was attending to some of the legal business of the attorney of record, and no showing was made why this attorney or some other could not have filed the brief in this case, or at least obtained a stipulation or order protecting the time to file.

It is true that when such delays have occurred through inadvertence or excusable neglect such as would be the basis for a motion for relief under section 473 of the Code of Civil Procedure, if such section applied to the appellate court, the court has exercised its discretion in granting relief from the default. (*Estate of Keating*, 158 Cal. 109, 115 [110 Pac. 109]; *Yolo etc. Co.* v. *Edmands*, 45 Cal. App. 410, 414 [187 Pac. 755].) [1] The showing which appellant has made in this case would not justify relief under that section of the code.

Appeal dismissed.

Langdon, P. J., and Sturtevant, J., concurred.