[Civ. No. 6131. Second Appellate District, Division One.—November 2, 1928.]

PAUL SCHLIMPER, Appellant, v. MARY DOYLE, Respondent.

Arsen Yeretzian for Appellant.

George L. Greer for Respondent.

HOUSER, J.—Motion to dismiss an appeal on the ground that appellant's brief was not filed "within the time prescribed by law."

The record shows that the clerk's transcript and the reporter's transcript of the proceedings in the lower court were each filed with the clerk of this court on June 27, 1928, and that the notice of motion to dismiss the appeal was served on appellant and filed in the office of the clerk of this court on September 14, 1928, at which latter date no brief on behalf of appellant had been filed in the office of said clerk.

Section 4 of rule I of the supreme court and of the district court of appeal provides in effect that "within thirty days after the filing of the transcript, the appellant shall file with the clerk his printed points and authorities. . . . " And by section 1 of rule V it is provided that: "If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending. If the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion. . . . "

Appellant's answer to the motion to dismiss the appeal is by way of affidavit to the effect that he "did not know that it was essential that said brief should be filed within certain period of time," in addition to which fact he had "lost his employment and has not been able to pay

the costs of this appeal, except by borrowing small sums periodically, from friends. . . . '' The reply to such defense consists of an affidavit from the employer of appellant to the effect that for a period of eight months next preceding the date of the affidavit appellant' had been constantly employed by affiant at a salary ranging between twenty-six dollars and thirty dollars per week—to which statement of fact appellant has made no denial.

As to the first reason advanced by appellant as an excuse for his failure to file his brief within the time prescribed by the rules of this court, to wit, that he ''did not know that it was essential,'' it may be noted that, aside from the bald statement of appellant's ignorance of the rule, the affidavit is silent concerning any facts which might tend to account for his being unaware of the legal requirements as to the time when his brief should be filed. In matters of this sort it is a principle of long standing that in itself ignorance of a rule will not suffice as a reason for relieving a party from his failure to comply with it. Before such excuse may be available to one in default, some sufficient mitigating circumstances, in addition to mere lack of knowledge, must be made to appear.

Nor, in the circumstances here presented, may the asserted lack of employment of the appellant and his consequent inability to pay the costs of appeal be considered as a valid excuse for his failure to comply with the rule of court. In the first place, the affidavit by the employer of appellant shows beyond question that appellant was continuously employed for at least several months immediately following the date when the transcript of the record was filed with the clerk of this court. In addition thereto, since the date when the notice to dismiss the appeal was filed, appellant has filed his long delayed opening brief. As it consists of but four printed pages, even if his statement were true with reference to his having been out of employment, it would seem unlikely that the cost of printing the brief would have been so great as to prevent him from complying with the rule of court.

The motion to dismiss the appeal is granted.

Conrey, P. J., and York, J., concurred.