[Civ. No. 278.   Fourth Appellate District.—December 18, 1929.]

JACK PRETZER, Respondent, v. CALIFORNIA TRANSIT COMPANY (a Corporation), Appellant.

Young & Young, William K. Young, Lasher B. Gallagher, DeForrest Home and Wakefield & Hansen for Appellant.

Theodore M. Stuart for Respondent.

BARNARD, J.—This motion to dismiss the appeal herein was made on the ground that appellant had failed to file his opening brief within the time permitted by the rules of the court and the requirements of law. It appears from the record herein, and affidavits filed in connection with this motion, that the transcript upon this appeal was filed in the District Court of Appeal, First Appellate District, on July 29, 1929. The time for appellant to file its opening brief expired August 28, 1929. Respondent's counsel signed a stipulation extending this time to September 28, 1929, then another stipulation extending the time to October 28, 1929. On October 30, 1929, although the appellant was then in default, a third stipulation was signed, extending the time to November 18, 1929. Respondent signed this stipulation because appellant claimed to have been misled by previous negotiations for a settlement. On October 28, 1929, respondent's attorney had notified appellant's attorneys by letter, that all negotiations for a settlement were terminated. On or about November 14, 1929, respondent's counsel refused a further extension. Appellant thereupon applied to the court for a thirty-day extension, and on November 18, 1929, said court made an order extending the time to November 25, 1929. On November 19, 1929, an order was entered by said District Court of Appeal transferring this cause to the District Court of Appeal for the Fourth Appellate District. Appellant's attorneys, not knowing the case had been transferred, mailed their brief at Los Angeles on November 25, 1929, addressed to the clerk of the First Appellate District. It arrived at San Francisco on November 27, 1929, and was forwarded to the office of the clerk of the Fourth Appellate

District at Fresno, where it was received on November 29, 1929. The brief was not filed, pending the outcome of this motion. Notice of motion to dismiss the appeal was filed in Fresno on November 26, 1929. An order shortening the time for hearing was obtained on November 27, 1929, and the notice was received by the attorneys for appellant on November 27, 1929.

Under rule V of the rules governing this court, if the brief is on file at the time the notice of the motion to dismiss the appeal is. given, that fact alone is sufficient to defeat the motion. If the brief is not filed until after notice of the motion has been given, unless a reasonable excuse for the delay is shown, the appeal will be dismissed. The sufficiency of such showing is a question to be determined by the court. (*Carter* v. *Paige,* 77 Cal. 64 [19 Pac. 2]). Respondent cites *Shain* v. *People's Lumber Co.,* 98 Cal. 120 [32 Pac. 878], and *McCabe* v. *Healy,* 139 Cal. 30 [72 Pac. 359], to support his contention that a motion to dismiss the appeal must be determined by the facts existing at the time the notice of motion was filed and served. These cases state the rule that applies where no sufficient excuse for the delay is shown. Where no sufficient excuse is shown, an appeal may be dismissed even though the brief is filed two days after service of the notice of the motion. (*Coats* v. *Coats,* 146 Cal. 443 [80 Pac. 694].) It has been held that where a transcript was filed the same day a notice to dismiss an appeal was served, but at a later hour, the motion to dismiss must prevail, unless a sufficient excuse for delay is shown by the appellant. (*Chapman* v. *Bank of California,* 88 Cal. 419 [26 Pac. 608].) In passing upon the sufficiency of the showing made in the last-named case, the court said:

"This shows that the appeal was taken and prosecuted in good faith. The delay in filing the transcript was trifling, and the hearing and decision. of the cause on its merits will not thereby be delayed, at least not appreciably. The circumstances which occasioned the delay and oversight of counsel were such as to appeal strongly to the discretionary power of the court, and would, without doubt, have procured an order extending the time for filing the transcript if they had been brought to our attention before the motion to dismiss was made. If so, there is no reason why we may not, after the motion, relieve the appellant from the

consequences of his delay, when the facts show that before service of the notice of motion to dismiss he was proceeding with all expedition to rectify his mistake.''

■ Under the circumstances existing in this case, it is entirely a question of whether or not a reasonable excuse for failure to comply with the rule is shown. Several grounds of excuse for his delay are here set up by appellant. One of these is the usual one of ''pressure of business.'' This is without merit and need be given little consideration. (*Berendson* v. *Babdaty*, 62 Cal. App. 185 [216 Pac. 385] ; *Waugaman* v. *Richardson*, 72 Cal. App. 10 [236 Pac. 207].) Were the rule otherwise it would probably be difficult to dismiss any appeal on the ground of delay, since it might be difficult to find attorneys who possess both leisure and the ·disposition to admit it. Another reason given for the delay is that a portion of the elapsed time was occupied with negotiations for a settlement. Since appellant's attorneys were definitely notified on October 28, 1929, that all negotiations for a settlement were terminated, we think the showing on this point would entitle it to no relief. Nor can it be accepted as an excuse, that the printer refused to work overtime in order to complete the brief on time. It is incumbent upon litigants to assume the responsibility of getting their briefs printed on time.

■ We are, however, of the opinion that some reasonable excuse, for the apparent priority of the filing of the notice of this motion over the filing of appellant's opening brief, appears here, in view of the fact that the attorneys for appellant had no knowledge of the transfer of this case from the First Appellate District to the Fourth Appellate District. The brief was mailed from Los Angeles to San Francisco on November 25, 1929, the day it should have been filed, and received by the clerk of the First Appellate District on November 27, 1929. The notice of motion to dismiss this appeal was filed at Fresno on November 26, 1929, an order shortening the time for hearing was made on November 27, 1929, and the papers received by appellant's attorneys on November 27, 1929. In the absence of knowledge of the transfer, appellant had the right to send his brief to the First Appellate District, and for the purpose of this motion, the time of its arrival there, may be taken as the time to be considered in measuring its default, if any.

It arrived there the same day the notice of this motion was served on appellant's attorneys, though whether at an earlier or a later hour, does not appear. There is some question whether, so far as this motion is concerned, the brief may not be considered as having been filed when the notice of this motion was *served*.

In any event the delay in filing the brief was trifling, the hearing and decision of the case will not be appreciably delayed, and the attorney for appellant was making an apparently sincere effort to comply with the rule (*Chapman* v. *Bank of California, supra*), at the last minute, although his previous conduct indicates, not only a degree of negligence, but that he relied and counted upon the liberality of both court and counsel, in the matter of time.

A further consideration is that it would have been easily possible for appellant to have filed this brief on November 25, 1929, in the office of the clerk of this court in San Bernardino, only sixty miles from Los Angeles, had the fact of the transfer of the case been known. Had it even been mailed to San Bernardino it would, in the regular course of events, have been on file when respondent's notice of this motion was filed in Fresno. And respondent's notice of this motion would have been filed in San Francisco, at least a day later, had he not known of the transfer.

We feel that sufficient excuse and reason appears to make it advisable to deny the motion. But we justify our liberality in this matter, not by any merit in the excuses offered by appellant's attorneys, but by the peculiar circumstances existing here. There is too much tendency on the part of attorneys to excuse their failure to file briefs and transcripts on grounds similar to those here presented. The rule involved on this motion is for the benefit of both the court and litigants, and, in order that its value be not lost, it must ordinarily be enforced. (*Berendson* v. *Babdaty, supra.*)

For the reasons given the motion to dismiss the appeal is denied.

Sloane, P. J., and Marks, J., concurred.