[Civ. No. 13810. Second Dist., Div. Three. Mar. 16, 1943.]

CLIFFORD E. CLINTON et al., Appellants, v. FRANK L. SHAW et al., Respondents.

A. Brigham Rose for Appellants.

S. S. Hahn and W. O. Graf for Respondents.

SHINN, J.—Respondents moved to dismiss the appeal upon the ground that appellants' brief was not filed within 30 days after the filing of the transcript on appeal, as prescribed by rule I, section 4, Rules of the Supreme Court and District Courts of Appeal. Upon the hearing, appellants presented oral, but no written, opposition to the motion and the same was granted. In ordering a rehearing, leave was granted to appellants to present written opposition, which has been done in the form of an affidavit of the attorney for appellants.

The transcript was certified by the trial judge May 4, 1942, and was filed with the clerk of this court July 16, 1942. Appellants' brief was due 30 days thereafter. As it was not filed and no extension of time was granted, respondents on September 3 gave notice of motion to dismiss the appeal. Upon September 15, one day prior to the hearing, appellants presented their brief for filing.

Under rule V an appeal may be dismissed for failure

to file appellant's brief within the prescribed time, although the rule provides that if the brief be on file at the time the notice is given, that fact constitutes a sufficient answer to the motion. Upon the arguments appellants contended that the delivery of the brief to the clerk for filing prior to the hearing on the motion was likewise a sufficient answer and they have cited decisions of the District Court of Appeal in two separate districts in support of their position. In *Southern Counties Thrift Co.* v. *Rairdon,* (1941) 43 Cal.App.2d 149 [110 P.2d 679], and some 17 other cases which need not be listed here, the courts have refused to dismiss appeals where the brief or transcript, although not on file at the time of giving of notice, was on file prior to the hearing of the motion. While these cases do support the stand of appellants, there are reasons which impel us to give the rule the construction which it has always been given by the Supreme Court and a stricter application than it received in the cases mentioned. The rule in question has been a rule of the Supreme Court in substantially its present form for all of 70 years. In *Welch* v. *Kenney,* (1874) 47 Cal. 414, it was held that where the transcript was not on file at the time of service of notice to dismiss the appeal, the filing of the transcript before the hearing of the motion was not a sufficient answer, the court saying, ''Circumstances, if any, going to excuse the apparent default, must, in such case, also be shown by the appellant, the sufficiency of which circumstances must be determined by the Court.'' The Supreme Court has never given the rule a different construction or departed from the policy first announced of requiring a showing of good cause before excusing the appellant's default, even when the brief or transcript, although not on file at the time of the giving of the notice, is filed or tendered for filing prior to the hearing of the motion. (*Raisch Improvement Co.* v. *Arata,* (1924) 193 Cal. 573 [226 P. 399]; *Coats* v. *Coats,* (1905) 146 Cal. 443 [80 P. 694]; *McCabe* v. *Healey,* (1903) 139 Cal. 30 [72 P. 359]; *Shain* v. *People's Lumber Co.,* (1893) 98 Cal. 120 [32 P. 878]; *Pio* v. *Aigeltinger,* (1892) 97 Cal. 81 [31 P. 895]; *Chapman* v. *Bank of California,* (1891) 88 Cal. 419 [26 P. 608]; *Hoyt* v. *San Francisco etc. R. R. Co.,* (1891) 87 Cal. 610 [25 P. 160, 1066]; *Carter* v. *Paige,* (1888) 77 Cal. 64 [19 P. 2]; *Heinlen* v. *Southern Pac. R. R. Co.,* (1884), 65 Cal. 304 [4 P. 15]; *Page* v. *Latham,* (1882) 60 Cal. 601; *Smith* v. *Arnold,* (1882) 60 Cal.

234.) In the Chapman and Hoyt cases it was held that the filing of a brief or transcript after the service of notice but on the same day was not a sufficient answer to the motion.

The rule as so construed by the Supreme Court has been frequently restated and has been applied in the following cases: *Gilbert* v. *United States F. & G. Co.,* (1929) 97 Cal. App. 42 [274 P. 1023]; *Morris* v. *Craig,* (1933) 130 Cal.App. 341 [19 P.2d 1001]; *Bourne* v. *Root,* (1931) 117 Cal.App. 618 [4 P.2d 264]; *Pretzer* v. *California Transit Co.,* (1929) 102 Cal.App. 630 [293 P. 361]; *Butler* v. *Starkweather,* (1929) 101 Cal.App. 608 [281 P. 1074]; *Schlimper* v. *Doyle,* (1928) 94 Cal.App. 660 [271 P. 538]; *Welch* v. *Stratton,* (1925) 73 Cal.App. 765 [239 P. 380]; *Waugaman* v. *Richardson,* (1925) 72 Cal.App. 10 [236 P. 207]; *Weinmann* v. *Factor,* (1923) 63 Cal.App. 592 [219 P. 461]; *Berendsen* v. *Babdaty,* (1923) 62 Cal.App. 185 [216 P. 385]; *Gray* v. *Yarbrough,* (1922) 60 Cal.App. 105 [212 P. 226]; *Barnhart* v. *Conley,* (1911) 17 Cal.App. 230 [119 P. 200]; *Gervais* v. *Joyce,* (1911) 15 Cal. App. 189 [114 P. 409].

In *Shain* v. *People's Lumber Co., supra,* 98 Cal. 120 [32 P. 878], it was said (p. 122): "Rules of court are designed to facilitate the business of the court as well as for the convenience of litigants, and the rule requiring the points and authorities on behalf of the respective parties to be filed within specified times after the filing of the transcript confers rights which may be enforced by the litigants. . . . The rules themselves provide for additional time to be granted if by reason of any intervening cause, through no fault of the appellant, he may have been prevented from a strict compliance therewith; but, if the appellant would invoke such provision, he must bring himself within the terms upon which the favor is to be granted." ▮ The rules of practice in appellate courts have the force of positive law so far as the rights of the parties are concerned and they have been uniformly held to confer rights which may be enforced by litigants. (*Wood* v. *Mesmer,* (1918) 39 Cal.App. 108 [178 P. 314], and cases cited.)

▮ An application for relief from a default in the filing of a transcript or brief has been likened to one under section 473 of the Code of Civil Procedure. (*Estate of Keating,* (1910) 158 Cal. 109 [110 P. 109]; *Erving* v. *Napa Valley Brewing Co.,* (1911) 16 Cal.App. 41 [116 P. 331]; *Weinmann*

v. *Factor, supra,* 63 Cal.App. 592 [219 P. 461]; *Yolo W. & P. Co.* v. *Edmands,* (1920) 45 Cal.App. 410 [187 P. 755]; *Paramore* v. *Colby,* (1918) 37 Cal.App. 648 [174 P. 677]; *Borgmeyer* v. *Solomon,* (1918) (39 Cal.App. 106 [178 P. 544]; *Brooks* v. *Union Trust etc.. Co.,* (1905) 146 Cal. 134, 138 [79 P. 843].) The analogy is properly drawn because if an appellant in default moves affirmatively for relief or by opposition to a motion to dismiss, his right to relief must be founded on mistake, inadvertence, surprise, or excusable neglect. The cases all recognize this fact even though, as stated in *Gray* v. *Yarbrough, supra,* 60 Cal.App. 105 [212 P. 226], and *Pacific Power Co.* v. *State,* (1916) 31 Cal.App. 719 [162 P. 641], the court is vested with a large discretion in judging as to the sufficiency of the showing. The courts as a rule have not insisted that the showing be accompanied by an affidavit of merits as suggested in *Estate of Keating, supra,* 158 Cal. 109 [110 P. 109], and certain later cases.

 The affidavit which furnishes the basis of the opposition to the motion contains much irrelevant matter. The pertinent statements read as follows: ''Affiant had no secretary during the month of August and not up until the 28th day of September. Affiant was also at the said time engaged in various proceedings, some of which were the cases of *Rice* v. *White, Gill* v. *Hartlein, et al., Estate of Wilson, Mirich* v. *Balsinger, Huston* v. *Superior Court, Chudnow* v. *Bakaleinikoff, Richards* v. *Richards,* in addition to collateral proceedings arising out of *Bixby* v. *Hotchkiss,* and by reason of having *to* stenographer affiant was unable to get out the brief herein as well as many other matters requiring typewriting.

''The brief, as will be observed from the record on appeal was due during the month in which affiant had no secretary and he was for that reason unable to even get out a type-written affidavit in opposition to the motion to dismiss herein.''

It does not appear that the attorney who now appears was ever substituted out of the case nor just when he withdrew or was reemployed nor that he was not reemployed in ample time to make application to the court for an extension of time. It does not appear who caused the transcript to be filed and it must be presumed that the attorney at all times knew the status of the appeal. The statements in the affidavit that he had no secretary during the month of August and not until the 28th of September, and that he was during that

time engaged in various court proceedings and by reason thereof was unable to prepare the brief do not furnish a sufficient excuse for failure to comply with the rule or to apply to the court for an extension of time. The averment that the attorney had no secretary while the time was running to prepare a brief falls far short of a showing that he was unable to obtain the necessary stenographic assistance.

The facts averred concerning the attorney's being occupied with other court work were wholly insufficient to constitute a valid excuse. (*Berendsen* v. *Babdaty, supra,* 62 Cal.App. 185 [216 P. 385]; *Weinmann* v. *Factor, supra,* 63 Cal.App. 592 [219 P. 461]; *Waugaman* v. *Richardson, supra,* 72 Cal.App. 10 [236 P. 207]; *Schlimper* v. *Doyle, supra,* 94 Cal.App. 660 [271 P. 538]; *Pretzer* v. *California Transit Co., supra,* 102 Cal.App. 630 [293 P. 361].) In similar situations the courts have required a substantial showing of mistake, inadvertence, surprise or excusable neglect. (*Yolo W. & . P. Co.* v. *Edmands, supra,* 45 Cal.App. 410 [187 P. 755]; *Borgmeyer* v. *Solomon, supra,* 39 Cal.App. 106 [178 P. 544]; *Pretzer* v. *California Transit Co., supra,* 102 Cal.App. 630 [293 P. 361]; *Ventura County Title Co.* v. *Constance,* (1936) 7 Cal.2d 684 [62 P.2d 372].) We are aware of no case in which relief has been granted upon a showing as unsubstantial as the one now under consideration.

We do not think it can be said that the cases upon which appellants rely were decided strictly upon a construction of rule V; it appears that there were other moving considerations. For many years, due to a large accumulation of work in the appellate courts, long delays occurred between the filing of transcripts on appeal and the decision of cases upon the merits. Delays of a few weeks or months did not have the effect of appreciably postponing the ultimate decision of ordinary civil cases. This fact was frequently stated and we think was given definite consideration in the cases upon which appellants rely, especially where it was affirmatively shown that the appeal was believed to be meritorious and that it was taken in good faith (*North* v. *Evans,* (1931) 114 Cal.App. 714, 716 [300 P. 893]). ■ Courts are not inclined to dismiss appeals upon technical grounds when they can be heard upon the merits and it is not surprising that the rule in question should at times have been given a generously liberal application when the delay, from the standpoint of the indi-

vidual case, was not important. (It may be observed, in reading the cases cited by appellants, that attorneys have not been backward in advancing their own convenience by depending upon the lenient attitude of the courts with respect to the interpretation and enforcement of rule V. The result has been that respondents have been required to move to dismiss appeals in order to force the filing of appellants' briefs.) But the condition of the calendars of the appellate courts has undergone a decided change. It is no longer true that the time elapsing between the filing of transcripts and the placing of causes on the calendar is sufficient to warrant indifference to or undue leniency in the enforcement of the rules which limit the time for the filing of briefs. At the same time attorneys have the right to expect the utmost consideration from the courts in the matter of the extension of time for the filing of briefs upon a showing of reasonable necessity therefor.

In the instant case we note that the transcript, instead of being filed within 40 days after certification, was not filed until more than a month later. Further than that, plaintiffs, appellants, wholly neglected for almost three years after the sustaining of a demurrer to their amended complaint, with leave to amend, to take any steps whatsoever in the further prosecution of the action, with the result that it was dismissed for want of prosecution. The judgments of dismissal form in part the basis of the present appeal.

Upon the argument on rehearing, respondents urged as an additional ground for dismissal of the appeal the insufficiency of the judge's certificate to the transcript. This was not a ground stated in the notice of motion to dismiss. The transcript contains seven affidavits, five notices of motion, and four minute orders, all relating to the judgments and orders sought to be reviewed on appeal, which consist of two judgments and four separate orders as specified in the notice of appeal. The certificate of the judge is that the transcript contains ''the papers and all of the papers used or considered in the determination of the matters from which this appeal is taken.'' The certificate is defective in failing to specify the papers used or considered in each of the six separate matters from which the appeal was taken. It is obvious from a casual inspection that all of the papers were not used in all of the proceedings, and an appellate court should not be required to make its own investigation in order to determine what was

before the court at the times when the several proceedings were had. However, the defect in the certificate, which was subject to correction under rule XV of said rules, having been called to the attention of counsel and the court for the first time on argument of the motion, has not been considered in support of the motion to dismiss.

The motion to dismiss the appeal is granted.

Desmond, P. J., and Bishop, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 13, 1943. Carter, J., voted for a hearing.