[Civ. No. 5141.   Second Appellate District, Division One.—October 14, 1925.]

## J. H. FOTHERINGHAM, Appellant, v. PRESLEY E. MOORE, Respondent.

[1] APPEAL—NEW TRIAL—DISMISSAL.—An appeal from an order denying a motion for a new trial will be dismissed, as such order is nonappealable.

[2] ID.—NOTICE OF APPEAL—CLERICAL ERROR—RELIEF—AFFIDAVITS.— On this motion to dismiss an appeal, where the appellant claims that the notice of appeal, through clerical error, was made to state that the appeal was taken from an order denying a motion for a new trial, and that such notice of appeal was intended to be a notice of appeal from a judgment, after considering the affidavit of the secretary of the law firm representing appellant, who prepared the notice of appeal, together with the counter-affidavits filed on behalf of respondent, it is held that plaintiff is not entitled to relief from the consequences of the stated error in said notice of appeal.

---

(1) 3 C. J., p. 1238, n. 53; 4 C. J., p. 583, n. 57 New.   (2) 3 C. J., p. 1239, n. 60.

1.  See 2 Cal. Jur. 174.

MOTION to dismiss appeal from an order of the Superior Court of Los Angeles County denying new trial. Wm. C. Doran, Judge. Appeal dismissed; application to be relieved from error in notice of appeal denied.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Appellant.

Jones, Wilson & Stephenson for Respondent.

CONREY, P. J.—This case came before the court on motion to dismiss plaintiff's appeal from the order denying his motion for a new trial. [1] As the purported appeal is not taken from an appealable order, of course it must be dismissed. At the hearing of the motion appellant attempted to show that the notice of appeal was intended to be a notice of appeal from the judgment; and that by inadvertence and excusable neglect, and a resulting clerical error, the notice failed to specify the judgment as the subject of appeal. Thereupon respondent, at said hearing of the motion, waived notice of application for relief from the default resulting from failure to include an appeal from the judgment in said notice of appeal, and consented that the application for relief be heard forthwith. The matter was then submitted on affidavits.

[2] Let it be assumed that upon sufficient showing of facts in excuse of the plaintiff's error, this court could grant relief to plaintiff from the consequences of the stated error in his notice of appeal. (See *Yolo Water and Power Co.* v. *Edmands,* 45 Cal. App. 410, 414 [187 Pac. 755].) Plaintiff's application for relief rests upon the affidavit of the secretary of the firm of attorneys who represented plaintiff in the action. She says that Mr. Collings, of said firm, instructed her to prepare "said notice of appeal," and that by her error, inadvertence and mistake she worded said notice to the effect that said appeal was from the order instead of from the judgment of the court. She does not in direct terms assert that Mr. Collings instructed her to prepare a notice of appeal from the judgment. After considering said affidavit, together with the counter-affidavits

filed on behalf of defendant, we think that plaintiff is not entitled to the demanded relief.

Plaintiff's application is denied and the appeal is dismissed.

Houser, J., and Curtis, J., concurred.